# CLERK'S RECORD

## VOLUME 1 OF 1

<table>
<tr><td>TRIAL COURT CAUSE NO. CR12670<br>IN THE 355TH DISTRICT COURT<br>OF HOOD COUNTY, TEXAS,<br>HONORABLE RALPH H. WALTON, JR, JUDGE PRESIDING</td><td>FILED IN<br>2nd COURT OF APPEALS<br>FORT WORTH, TEXAS<br>12/17/2015 9:15:01 AM<br>DEBRA SPISAK<br>Clerk</td></tr>
</table>

**TREY ETHAN BOONE**

**VS**

**THE STATE OF TEXAS**

Appealed to the Court of Appeals for the SECOND District of Texas, at FORT WORTH, Texas.

_____

Attorney for Appellant(s):

|  |  |
|---|---|
| Name: | STUART V. NEAL |
| Address: | 201 EAST BRIDGE ST. |
|  | GRANBURY, TEXAS 76048 |
| Telephone No.: | 817-573-9980 |
| Fax No.: | 817-579-6280 |
| Email Address: | SNEALATTORNEY@HOTMAIL.COM |
| SBOT no.: | 24041569 |
| Attorney for: | TREY ETHAN BOONE |

_____

Delivered to the Court of Appeals for the SECOND District of Texas at FORT WORTH, Texas
this 16TH day of DECEMBER, 2015.

_____

Appellate Court Cause No. <u>02-15-00417-CR</u>

Filed in the Court of Appeals for the 355th Judicial District of Texas, at Granbury, Texas
This _____ day of _____, 2015.

TONNA TRUMBLE HITT
DISTRICT CLERK - HOOD COUNTY, TEXAS

BY:_____DEPUTY

# INDEX

| CR12670 | DATE | PAGE |
|---|---|---|
| CLERK'S RECORD | | 1 |
| INDEX | | 2 |
| CAPTION | | 4 |
| BILL OF COST | | 5 |
| JUDGE'S DOCKET SHEET | | 6 |
| APPLICATION FOR APPOINTMENT OF COUNSEL | 11/15/2013 | 9 |
| COURTS LETTER | 11/18/2013 | 11 |
| INDICTMENT | 1/8/2014 | 12 |
| PRECEPT | 1/13/2014 | 15 |
| COURTS LETTER | 4/23/2014 | 16 |
| DEFENDANTS MOTION FOR DESIGNATION OF OUTCRY WITNESS AND HEARING REGARDING RELIABILITY OF OUTCRY WITNESS | 4/30/2014 | 17 |
| DEFENDANTS APPLICATION FOR SUBPOENA DUCES TECUM | 5/9/2014 | 20 |
| DEFENDANTS MOTION IN LIMINE | 5/13/2014 | 23 |
| SUBPOENA DUCES TECUM | 5/15/2014 | 27 |
| COURTS LETTER | 5/16/2014 | 28 |
| COURTS LETTER | 6/10/2014 | 29 |
| SUBPOENA | 6/23/2014 | 30 |
| DEFENDANTS APPLICATION FOR SUBPOENA DUCES TECUM | 6/25/2014 | 31 |
| DEFENDANTS OBJECTIONS TO VIDEOTAPED INTERVIEW | 6/27/2014 | 34 |
| SUBPOENA DUCES TECUM | 6/30/2014 | 49 |
| DEFENDANTS MEMORANDUM OF LAW REGARDING OBJECTIONS TO VIDEOTAPED INTERVIEW | 6/30/2014 | 50 |
| COURTS LETTER | 7/1/2014 | 54 |
| SUBPOENA | 7/2/2014 | 55 |
| SUBPOENA | 7/3/2014 | 56 |
| SUBPOENA | 7/3/2014 | 57 |
| AGREEMENT TO RESET AND PLEAD GUILTY | 7/3/2014 | 58 |
| WAIVER OF RIGHT TO TRIAL BY JURY | 7/7/2014 | 60 |
| GUILTY PLEA MEMORANDUM | 7/14/2014 | 61 |
| TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT TO APPEAL | 7/14/2014 | 67 |
| ORDER OF DEFERRED ADJUDICATION | 7/14/2014 | 68 |
| MOTION/ORDER TO DISMISS COUNT II, III, IV ON INDICTMENT | 8/5/2014 | 75 |
| MOTION TO PROCEED WITH AN ADJUDICATION OF GUILT | 8/7/2015 | 76 |
| APPLICATION FOR APPOINTMENT OF COUNSEL | 8/17/2015 | 80 |
| MOTION TO SUBSITUTE COUNSEL | 9/2/2015 | 82 |
| SUBPOENA | 9/4/2015 | 84 |
| SUBPOENA | 9/4/2015 | 85 |

# INDEX

**CR12670**

| | DATE | PAGE |
|---|---|---|
| SUBPOENA | 9/4/2015 | 86 |
| SUBPOENA | 9/4/2015 | 87 |
| AFFIDAVIT OF CERTIFYING SCIENTIST | 9/10/2015 | 88 |
| AFFIDAVIT OF CERTIFYING SCIENTIST | 9/10/2015 | 89 |
| AFFIDAVIT OF CERTIFYING SCIENTIST | 9/10/2015 | 90 |
| ORDER ON MOTION TO SUBSTITUE COUNSEL | 9/10/2015 | 93 |
| LETTER FROM HOOD CO. CSCD | 9/17/2015 | 94 |
| TRIAL COURTS CERTIFICATION OF DEFENDANTS RIGHT OF APPEAL | 9/21/2015 | 95 |
| WAIVER OF HEARING UPON THE STATE'S MOTION TO REVOKE | 9/21/2015 | 96 |
| JUDGMENT ADJUDICATING GUILT | 9/22/2015 | 98 |
| REQUEST FOR COUNSEL ON APPEAL FROM DEFENDANT | 10/10/2015 | 104 |
| COURTS LETTER | 10/13/2015 | 105 |
| MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGMENT | 10/15/2015 | 106 |
| ORDER FOR A SETTING | 10/21/2015 | 109 |
| ORDER ON MOTION FOR NEW TRIAL DENIED | 11/10/2015 | 110 |
| NOTICE OF APPEAL | 11/10/2015 | 111 |
| WRITTEN DESIGNATION SPECIFYING MATTERS FOR INCLUSION IN CLERKS RECORD | 11/10/2015 | 112 |
| REQUEST FOR PREPARATION OF REPORTERS RECORD AND DESIGNATION OF MATTERS TO BE INCLUDED | 11/10/2015 | 114 |
| MOTION FOR A FREE REPORTER'S RECORD ON APPEAL | 11/10/2015 | 116 |
| ORDER ON REQUEST FOR PREPARATION OF REPORTERS RECORD | 11/10/2015 | 119 |
| CLERKS RECORD THAT IS ATTACHED IS TURE AND CORRECT | | 120 |
| BLANK BACK PAGE | | 121 |

## CAPTION

THE STATE OF TEXAS    *

COUNTY OF HOOD      *

**In the 355th Judicial District Court of Hood County, Texas, the Honorable Ralph H. Walton, Jr., Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in the cause, to wit:**

CAUSE NUMBER CR12670

STATE OF TEXAS

VS

TREY ETHAN BOONE

RALPH H. WALTON, JR.
DISTRICT JUDGE
355TH JUDICIAL DISTRICT
HOOD COUNTY, TEXAS

# Bill of Cost

## Hood County District Clerk

| STATE OF TEXAS | CAUSE NO. CR12670 |
|---|---|
| VS. | |
| TREY ETHAN BOONE | |

| Fee Code | Fee Description | Charges | Balance Due |
|---|---|---|---|
| CRATTY | Attorney Fee | 500.00 | 500.00 |
| CRCAPIAS | Capias Warrant Fee | 100.00 | 60.04 |
| CRCAP | Child Abuse Prevention Fee | 100.00 | 20.08 |
| CRCF | Clerk's Fee | 40.00 | 8.04 |
| CRCCC | Consolidated Court Costs Fee | 133.00 | 26.71 |
| CRCHS | Courthouse Security Fee | 5.00 | 1.01 |
| CREF | Criminal E-Filing Conviction Fee | 10.00 | 6.01 |
| CRFINE | Criminal Fine Fee | 1,500.00 | 1,500.00 |
| CRTECH | Criminal Technology Fee | 4.00 | 0.80 |
| CRDNA | DNA Testing Court Cost Fee | 34.00 | 6.82 |
| CRFS | Family Shelter Fee | 100.00 | 20.08 |
| CRIDSF | Indigent Defense Services Fee | 2.00 | 0.37 |
| CRJSF | Judicial Support Fee | 6.00 | 1.21 |
| CRJRF | Jury Reimbursement Fee | 4.00 | 0.79 |
| CRMTP | Motion to Proceed/Revoke Fee | 15.00 | 15.00 |
| CRRMP | Records Management and Preservation Fee | 25.00 | 5.02 |
| CRSW | Summoning Witness Fee | 50.00 | 26.00 |
| CRTPF | Time Payment Fee | 25.00 | 5.02 |
| | TOTAL | 2,653.00 | 2,203.00 |

THE STATE OF TEXAS
County of Hood

I, Tonna Trumble Hitt, District Clerk of the 355 JUDICIAL DISTRICT in and for said County and State, hereby certify the foregoing to be a true and correct account of the costs in the within entitled and numbered cause to this date.

Witness my hand and seal of the said court affixed at the office in the County of Hood this 9th day of December, 2015.

By: _Morgan Krieger_
Deputy Clerk

*Tonna Trumble Hitt*
Tonna Trumble Hitt, District Clerk
1200 W. Pearl St.
Granbury, TX 76048

# 355TH JUDICIAL DISTRICT CRIMINAL DOCKET

*PID #150263*

CAUSE NO. <u>pre-indictment</u>

| | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| | THE STATE OF TEXAS | ROBERT CHRISTIAN | Agg Sexual Absaut Child | | | |
| | VS. | | | | | |
| | Trey Ethan Boone | MMunta (CA) | | | | |
| | | | | | | |
| | | | | | | |

| DATE OF ACTION | | | ACTION |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| 11 | 18 | 13 | O. Bynum C.R. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# 355TH JUDICIAL DISTRICT CRIMINAL DOCKET

CAUSE NO. CR12670

| | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| | THE STATE OF TEXAS | ROBERT CHRISTIAN | AGG SEXUAL ASSAULT | 01 | 08 | 2014 |
| | VS. | | | | | |
| | TREY ETHAN BOONE | ~~MICHAEL MINTON (CA)~~ | | | | |
| | | ~~Ron Wright (CA)~~ | | | | |
| | | ~~Richard Hattox (R)~~ | | | | |
| | | Frank Neal (CA) | | | | |

| DATE OF ACTION | | | ACTION |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| 2 | 4 | 14 | Defendant appeared with attorney for arraignment. Defendant identified, waived reading of indictment / ~~indictment read~~, and Defendant entered a plea of _N. G._. Case set for pre-trial on _N/A_, and for trial on the merits for _3-10-14_. |
| 6 | 30 | 14 | Hrg. on D's m/ Outcry Wtn. + D's Obj. to video interview. D. Csl + DA appeared. Tried. Take under advis't. |
| 7 | 1 | 14 | Ct's Ruling on D's Obj. to Video of D (by J. Hatfield, TX Ranger) |
| 7 | 3 | 14 | Plea Agt. |
| 7 | 7 | 14 | Orig. DKT. D + Csl appeared. D waived Orig. Tr. |
| 7 | 14 | 14 | Jury waived. Defendant arraigned. Defendant admonished. Plea of Guilty/~~nolo contendere~~ before Court. Finding by the Court that the evidence substantiates the Defendant's guilt, defers further proceedings without entering an adjudication of ~~guilt, and~~ the Defendant placed on community supervision for _10_ years under the terms and conditions of order, entered this date. A copy of the terms and conditions of Community Supervision furnished the defendant. |
| | | | * D not D.S. elig. If MTA filed, CT. will decide - no plea. See PSI |

7

# THE STATE OF TEXAS

vs

TREY ETHAN BOONE

CAUSE NO. CR12670

| DATE OF ACTION | | | ACTION |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| 8 | 9 | 14 | O. Dism. Cts. II, III, + IV |
| 8 | 10 | 15 | O. Capias |
| 8 | 18 | 15 | O. Amt. CR. |
| 9 | 10 | 15 | O. St.__ Motion To Adjudicate/Motion To Revoke. |
| 9 | 21 | 15 | Defendant, Defense Attorney and District Attorney appeared. |
| | | | Defendant identified, admonished and pled true. Court |
| | | | adjudicated/revoked Defendant and sentenced Defendant to |
| | | | 50 yrs. in |
| | | | IO, T.D.C.J. |
| 9 | 22 | 15 | Jdgt. |
| 10 | 10 | 15 | Amt. Stuart Neal on appeal. |
| 10 | 21 | 15 | OSH |
| 11 | 10 | 15 | Hrg. on D's MNT. A + Cal + DA appeared. Jngt. Denied. |
| 11 | 10 | 15 | O. Free Rec.; O. Rep. Rec. |
| | | | |
| | | | |
| | | | |

ß1

CAUSE NO. 1 113cc78

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | **FILED** |
| VS. | § | 355TH JUDICIAL DISTRICT |
| | § | NOV 15 2013 |
| Koric, Trevethen | § | HOOD COUNTY, TEXAS |

Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

## APPLICATION FOR APPOINTMENT OF COUNSEL

On this _15th_ day of _November_, 20_13_, I have been advised of my right to representation by counsel in the trial of the charge pending against me. I certify that I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me. I further certify that all statements in the attached Declaration of Financial Inability to Employ Counsel are true and correct.

_____
Defendant

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the _15th_ day of _November_, 20_13_

_____
Notary Public in and for the State of Texas
My commission expires: _04-07-2015_

J. LOZANO
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 04-07-2015

## ORDER APPOINTING/~~DENYING~~ COUNSEL

On this the _18_ day of _Nov._, 20_13_, came on to be heard in the above numbered and entitled cause, the sword affidavit of Defendant requesting appointment of counsel to represent Defendant in said cause, and it appears to the Court that the Defendant is/is not an indigent person, too poor to employ counsel to represent Defendant, and that Defendant is entitled to have an attorney appointed to represent Defendant here in.

It is therefore ORDERED, ADJUDGED and DECREED that _Michael Minter_ a licensed practicing attorney in the State of Texas, be, and is hereby appointed counsel for the Defendant; or

~~It is therefore ORDERED, ADJUDGED, and DECREED that the Application for Appointment of Counsel is~~ DENIED.

**FILED**

NOV 18 2013

Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

_____
Presiding Judge

CAUSE NO. F113007B

THE STATE OF TEXAS §   IN THE DISTRICT COURT
§
VS §   355TH JUDICIAL DISTRICT
Boone, Trey Ethan §
§   HOOD COUNTY, TEXAS

DECLARATION OF FINANCIAL INABILITY TO EMPLOY COUNSEL

I, Trey Boone , am the Defendant in the above entitled action. I am not represented by counsel in this proceeding. I have no assets except the following:

1) My earnings are (Name, address of employer, and amount of weekly or monthly earnings):
N/A

2) I have other income in the amount of (State source of income and amount per week or months):
N/A

3) I am/am not married and support _O_ children and/or dependents who are:

N/A                          ,    N/A
Name                              Relationship
N/A                          ,    N/A
Name                              Relationship
N/A                          ,    N/A
Name                              Relationship

4) Earning of my spouse and/or children are (Name of employer and amount weekly or monthly earnings):
N/A

5) I own the following property: (Address where located) (Payments) (Balance Owed) (Value)
a)  Home  N/A
b)  Automobile  N/A
c)  Furniture  N/A
d)  Other (Land/Buildings)  N/A
e)  Notes, mortgages, trust deeds  N/A
f)  Motorcycles  N/A
g)  Other vehicles  N/A
h)  War bonds  N/A
i)  Stocks and bonds  N/A
j)  Animals  N/A
k)  Jewelry  N/A
l)  Other personal property  N/A

6) I have the following money:
a) In jail... 860 ?           e) In safety deposit box...... O
b) At home... O              f) Being held or owed to me.. O
c) Checking accounts  O      g) Other... O
d) Savings accounts  O

7) I have the following debts and/or expenses in addition to those listed above:
N/A

8) I am/am not free on bail. Amount of bail $50,000 . Name of person who paid bail bond: N/A

I have no ability to obtain credit to raise funds with which to employ an attorney to defend me. I declare under penalty of perjury that the foregoing is true and correct.

Date this 15 day of November , 2013 at Granbury , Texas.
                                              Hood County
                                              Trey Boone
                                              Signature of Declarant

# THE 355TH JUDICIAL DISTRICT COURT

Hood County Justice Center
1200 West Pearl Street
Granbury, Texas 76048
(817) 579-3233
FAX (817) 579-3243

**RALPH H. WALTON, JR.**
- JUDGE -
BOARD CERTIFIED - CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION



November 18, 2013

Mr. Michael W. Minton
The Law Offices of Michael W. Minton
6100 Western Place, Suite W0541
Fort Worth, Texas 76107
Fax 817 377 9201

**RE: Pre-Indictment; The State of Texas vs. Trey Ethan Boone**

Dear Mr. Minton:

Please be advised that you have been appointed by this Court to represent the above-named defendant. No hearings have been set on this case pending indictment. You will receive notice of all settings in this case at the appropriate times. Pursuant to Hood County's Indigent Defense Rules & Plan (S.B.7), you must make contact with this defendant not later than the end of the first working day after the date on which you were appointed and interview the defendant as soon as practicable. A copy of the Order Appointing Attorney is enclosed for your reference.

Be further advised that should the defendant make bond, defendant's appearance at arraignment will be mandatory. By copy of this letter, I am notifying the District Attorney's Office and the defendant of this appointment.

Should you have any questions regarding the above, please contact this office at (817) 579-3233.

Very truly yours,

Tricia Walters
Assistant Court Administrator
355th Judicial District

cc:     District Attorney - *via facsimile*
        Trey Ethan Boone - *c/o Hood County Jail – via facsimile*

| **PENNY WEISEND** | **MIKE CARLISLE** | **TRICIA WALTERS** | **RON BERRYMAN** |
|---|---|---|---|
| Court Administrator | Official Court Reporter | Admin. Assist. | Bailiff |
| (817) 579-3233 | (817) 579-3255 | (817) 579-3233 | (817) 579-3233 |

INDICTMENT NO. _____ **CR12670** ~~FILED~~

JAN - 8 2014

355TH JUDICIAL DISTRICT OF TEXAS

Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

| | |
|---|---|
| STATE OF TEXAS | OFFENSE: AGG. SEXUAL ASSAULT |
| VS. TREY ETHAN BOONE | DEGREE: FIRST, Sec. 22.021 |
| DATE OF BIRTH: 04-02-91 | SOC.SEC.NO. 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 |
| TRN NO. 9156764103 | SID NO. 08364813 |
| DATE FILED: 01-08-2014 | STATE'S WITNESS: Ashley Rasberry |
| AMOUNT OF BAIL: $50,000.00 | STATE'S ATTORNEY: Robert Christian |

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The Grand Jurors for the County of Hood, State of Texas, duly selected, impaneled, sworn, charged, and organized as such at the January Term 2014, of the 355th Judicial District Court of Hood County, Texas, upon their oaths present in and to the Court that on or about the 1st day of January, 2013, and before the presentment of this indictment, in Hood County, Texas, TREY ETHAN BOONE, Defendant, did then and there intentionally or knowingly cause the female sexual organ of "MMB3" (pseudonym), a child younger than 14 years of age who was not the spouse of said defendant, to contact the penis of the defendant,

## COUNT TWO

and it is further presented in and to said Court that on or about the 1st day of January, 2013, in Hood County, Texas, TREY ETHAN BOONE, Defendant, did then and there intentionally or

1

knowingly cause the anus of "MMB3" (pseudonym), a child younger than 14 years of age who was not the spouse of said defendant, to contact the penis of the defendant,

## COUNT THREE

and it is further presented in and to said Court that on or about the 1st day of January, 2013, in Hood County, Texas, TREY ETHAN BOONE, Defendant, did then and there intentionally, with the intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact by touching the female sexual organ of "MMB3" (pseudonym), a child younger than 17 years and not the spouse of the defendant, with said defendant's hand,

## COUNT FOUR

and it is further presented in and to said Court that on or about the 1st day of January, 2013, in Hood County, Texas, TREY ETHAN BOONE, Defendant, did then and there intentionally, with the intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact by touching the anus of "MMB3" (pseudonym), a child younger than 17 years and not the spouse of the defendant, with said defendant's hand,

## ENHANCEMENT PARAGRAPH ONE

and it is further presented in and to said Court that prior to the commission of the primary offense by the said TREY ETHAN BOONE, on the 8th day of January, 2012, in the 415th Judicial District Court of Parker County, Texas, in cause number CR09-0495, the said TREY ETHAN BOONE was convicted of a felony, to wit: Fraudulent Use/Possession of Identifying Information (5-10 Items), and the said conviction became final prior to the commission of the primary offense,

2

## ENHANCEMENT PARAGRAPH TWO

and it is further presented in and to said Court that prior to the commission of the primary offense by the said TREY ETHAN BOONE, on the 8th day of February, 2012, in the 415th Judicial District Court of Parker County, Texas, in cause number CR09-0496, the said TREY ETHAN BOONE was convicted of a felony, to wit: Unauthorized Use of a Motor Vehicle, and the said conviction became final prior to the commission of the primary offense,

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

_____
Foreman of the Grand Jury

3

# THE STATE OF TEXAS

## PRECEPT TO SERVE INDICTMENT

TO THE CONSTABLE OF HOOD COUNTY, SAID STATE, GREETING:

YOU ARE HEREBY COMMANDED to deliver forthwith to <u>TREY ETHAN BOONE</u> now in custody, the accompanying certified copy of INDICTMENT in Cause No. <u>CR12670</u>, THE STATE OF TEXAS vs. TREY ETHAN BOONE, now pending in the District Court of HOOD COUNTY, TEXAS and to make due return of this writ without delay.

Issued and given under my hand and seal of office,

This 9th day of January, 2014,

TONNA HITT, Clerk
355th DISTRICT COURT
HOOD COUNTY, TEXAS

BY: _Tracy Board_ Deputy

---

## OFFICER'S RETURN

Came to hand on the <u>10</u> day of <u>Jan</u>, 20<u>14</u>, at <u>9:32</u> o'clock <u>A</u>.M., and executed by delivering to the within name defendant, <u>T.E. Boone</u> in custody, in person, a certified copy of the indictment mentioned within, and delivered to me with this writ, on the <u>14</u> day of <u>Jan</u>, 20<u>14</u>.

Return on the <u>14</u> day of <u>Jan</u>, 20<u>14</u>.

_____ CONSTABLE
Hood County, Texas

BY_____ DEPUTY

15

# THE 355TH JUDICIAL DISTRICT COURT

Hood County Justice Center
1200 West Pearl Street
Granbury, Texas 76048
(817) 579-3233
FAX (817) 579-3243

RALPH H. WALTON, JR.
- JUDGE -
BOARD CERTIFIED - CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

April 23, 2014

Mr. Michael W. Minton
The Law Offices of Michael W. Minton
6100 Western Place, Suite W0541
Fort Worth, Texas 76107
Fax 817 377 9201



RE:  Cause No. CR12670; The State of Texas vs. Trey Ethan Boone

Dear Mr. Minton:

Please be advised that this Court has targeted the above-referenced case for jury trial for the week beginning **Monday, May 19, 2014, at 9:00 o'clock a.m.** Please be present with your client ready for trial. Be further advised that should this case not be reached on this date, the case will be automatically re-targeted for the week beginning **Monday, June 2, 2014, at 9:00 o'clock a.m.** Should a plea agreement be reached in this case, the deadline for the District Attorney to advise this Court and also file the executed Agreement to Reset and Plead Guilty is by **5 o'clock p.m. on the Thursday prior to the week of scheduled jury trial.**

By copy of this letter, I am confirming with the District Attorney the trial settings as indicated below.

Thank you for your anticipated cooperation concerning this matter. Should you have any questions regarding the above, please call (817) 579-3233.

Very truly yours,

Tricia Walters
Assistant Court Administrator
355th Judicial District Court

cc:  District Attorney- **via inter-office delivery**

PENNY WEISEND
Court Administrator
(817) 579-3233

E CARLISLE
al Court Reporter
(817) 579-3255

TRICIA WALT  S
Admin. Assist
(817) 579-3233

RON BERRYMAN
Bailiff
(817) 579-3233

FILED
APR 3 0 2014

Jonna Trumble Hitt
Clerk District Court, Hood County, Texas

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 355TH JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

## DEFENDANT'S MOTION FOR DESIGNATION OF OUTCRY WITNESS AND HEARING REGARDING RELIABILITY OF OUTCRY WITNESS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Trey Boone, by and through his attorney of record, who makes and files the following request for designation of the state's outcry witness and request for hearing regarding reliability of outcry witness's statement, and in support thereof would respectfully show:

### I.

### SYNOPSIS AND REQUESTED RELIEF

**Trey Boone moves this Honorable Court to require that the state designate any outcry witness in this matter in compliance with the requirements of Texas Code of Criminal Procedure Art. 38.072. Defendant further moves this Honorable Court to hold a hearing outside the presence of the jury to determine the reliability and admissibility of the outcry witness's statement.**

### II.

### PROCEDURAL HISTORY

Trey Boone is accused of sexually assaulting his 3 ½ year old daughter, MMB3. Boone anticipates that the state's outcry witness in this matter will be Laurence Munsell, the child's grandfather. However, the state has not designated an outcry witness nor has the trial court made a determination as to the reliability of the witness's statement.

DEFENDANT'S MOTION TO DESIGNATE OF OUTCRY WITNESS AND HEARING REGARDING RELIABILITY OF OUTCRY WITNESS

## III.

## ARGUMENTS AND AUTHORITIES

### A.    Procedural requirements of Art. 38.072

Art. 38.072 applies to any prosecution of sexual offenses committed against a child younger than the fourteen years of age.  Under Art. 38.072 § 2(b), the state must, on or before the fourteenth day before trial begins, notify defendant of its intention to call an outcry witness, identify the outcry witness and provide a written summary of his statement.  The statute then requires the trial court to conduct a hearing outside the presence of the jury to determine if the statement is reliable based on the time, content and circumstances of the statement.

### B.    Defendant requests designation of the state's outcry witness and a hearing regarding the reliability of the witness's statement.

Trey Boone moves this Honorable Court to require compliance with the provisions of Art. 38. 972 by the state to designate its outcry witness and convene a hearing to determine the reliability of the outcry witness' testimony

WHEREFORE, PREMISES CONSIDERED, defendant prays that its request for designation of outcry witness and motion for a hearing on the reliability of the outcry witness's testimony be granted as prayed for herein. Defendant prays for such other and further relief, both general and special, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

By: _____
MICHAEL W. MINTON
State Bar No. 14194550

THE LAW OFFICES OF
MICHAEL W. MINTON, P.L.L.C.
6100 Western Place
Suite W0541
Fort Worth, Texas 76107
mminton@mintonlaw.com
Telephone:   817-377-9200
Facsimile:   817-377-9201

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of April, 2014, a true and correct copy of the above and foregoing document was sent U.S. certified mail, return receipt requested and/or facsimile transmittal to all counsel of record in the above styled and numbered cause.

_____
MICHAEL W. MINTON

DEFENDANT'S MOTION TO DESIGNATE OF OUTCRY WITNESS AND HEARING REGARDING RELIABILITY OF OUTCRY WITNESS

CAUSE NO. CR12670

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 355TH JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

## DEFENDANT'S APPLICATION FOR SUBPOENA DUCES TECUM

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Trey Boone, by and through his attorney of record, who makes and files the following application for issuance and service of a subpoena duces tecum, as follows:

### I.

Defendant's attorney, Michael W. Minton, being duly sworn, states on oath that the testimony of the following named witness is believed to be material to the defense in this cause, and that the name, location and avocation of such witness, is as follows:

WITNESS: Laurence Munsell

LOCATION: 3808 Nocona Drive, Granbury, Texas 76049-5119

AVOCATION: Believed to be business owner/operator.

DUCES TECUM: And that he bring with him and produce in the court referenced herein certain things desired as evidence in said criminal action, to-wit: DVDs, CDs, or videotapes containing episodes of "SOUTH PARK."

WHEREFORE, he applies for subpoena to issue forthwith to compel attendance of the above named as a potential witness for the defense in this cause, and to produce the requested items set forth herein in this cause.

Said witness is to be and appear on the 19th day of May, 2014 with the items listed in the duces tecum at 8:30 a.m. at the Hood County Justice Center in the City of Granbury, Texas in the 355th Judicial District Court of Hood County, Texas.

Respectfully submitted,

By: _____
MICHAEL W. MINTON
State Bar No. 14194550

THE LAW OFFICES OF
MICHAEL W. MINTON, P.L.L.C.
6100 Western Place
Suite W0541
Fort Worth, Texas 76107
mminton@mintonlaw.com
Telephone:    817-377-9200
Facsimile:    817-377-9201

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of May, 2014, a true and correct copy of the above and foregoing document was sent U.S. certified mail, return receipt requested and/or facsimile transmittal and/or hand delivery to all counsel of record in the above styled and numbered cause.

_____
MICHAEL W. MINTON

STATE OF TEXAS

COUNTY OF HOOD

My name is Michael William Minton.  My date of birth is October 28, 1962, and my business address is 6100 Western Place, Suite W0541, Fort Worth, Tarrant County, Texas 76107 in the United States of America.  I have prepared and reviewed the above and foregoing application for subpoena duces tecum and declare that the matters contained therein are within my knowledge and are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Hood County, Texas on the 9th day of May, 2014.

_____
MICHAEL W. MINTON

CAUSE NO. CR12670

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 355TH JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

*FILED*
MAY 1 3 2014
*9:49*
Clerk District Court, Hood County, Texas
Tonna Trumble Hitt

## **DEFENDANT'S MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Trey Boone, defendant in the above styled and numbered cause, by and through his attorney of record, and files this his motion in limine requesting the Court to instruct the prosecuting attorney and all state witnesses not to seek in the presence of the jury or jury panel to introduce into evidence or allude in any manner at any stage of the trial, including voir dire, opening statement, evidence and argument, without first having taken up the admissibility of such matter with the Court out of the presence of the jury, any of the following:

1.    That the defendant has filed a motion a limine.

     GRANTED: _____ DENIED: _____

2.    Any questions by the state to panel members who have previously sat as jurors in criminal cases whether they "punished." This is nothing more than a thinly veiled attempt to obtain information about the results of prior jury service since a jury doesn't punish in a criminal case unless there is first a determination of guilt. *See Oliver v. State,* 739 S.W.3d 656, 657 (Tex. App.-Dallas 1987, pet. ref'd)(trial court did not abuse its discretion in preventing defendant from inquiring about verdict reached in prior criminal cases).

3.    Any statements by the state's attorney to a witness to the effect of "you've given your statement in this matter but you can't talk about it," or "we have a statement

DEFENDANT'S MOTION IN LIMINE

from you already in this case" because it constitutes an improper sidebar[1] comment by the prosecutor implying to the jury that there is additional evidence incriminating the defendant that the jury won't be allowed to see. Defendant has no objection to the proper use of a statement for impeachment or rehabilitation but objects to the bare reference of the existence of such information outside such context.

4. Any evidence of the arrest record or criminal record, if any, of the defendant.

GRANTED: _____DENIED: _____

5. Any evidence of the pendency of other criminal charges against the defendant.

GRANTED: _____DENIED: _____

6. Any reference or evidence concerning any extraneous offense or acts of misconduct of the defendant, including acts purported to be of a sexual nature (e.g., nipple pinching) not alleged in the indictment.

GRANTED: _____DENIED: _____

7. Any evidence as to the character and reputation of the defendant, deceased or victim until properly raised and the qualifications of the reputation witnesses tested out of the presence of the jury. *Smith v. State*, 659 S.W.2d 427, 429 (Tex. Crim. App. 1983).

GRANTED: _____DENIED: _____

8. That the defense not be asked to stipulate to the admissibility of any evidence or testimony, including the qualifications of an expert witness.

GRANTED: _____DENIED: _____

---

[1] Side bar comments are remarks of counsel that are neither questions to the witness nor comments addressed to the trial court. *Brokenberry v. State*, 853 S.W.3d 145, 152 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd).

DEFENDANT'S MOTION IN LIMINE

9. Any unsworn testimony, inferences or side bar remarks by the state's counsel in the presence of the jury.

GRANTED: _____ DENIED: _____

10. Any request for judicial notice until the state, outside the presence of the jury, has furnished the tenor of the manner requested to be judicially noticed and a hearing has been had to determine the propriety of taking judicial notice of such matter.

GRANTED: _____ DENIED: _____

WHEREFORE, PREMISES CONSIDERED, defendant prays that this motion in limine be granted as prayed for herein.

Respectfully submitted.

By: _____
MICHAEL W. MINTON
State Bar No. 14194550

THE LAW OFFICES OF
MICHAEL W. MINTON, P.L.L.C.
6100 Western Place
Suite W0541
Fort Worth, Texas 76107
mminton@mintonlaw.com
Telephone:   817-377-9200
Facsimile:   817-377-9201

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___ day of ___, 2014, a true and correct copy of the above and foregoing document was sent U.S. certified mail, return receipt requested and/or facsimile transmittal to all counsel of record in the above-styled and numbered cause.

MICHAEL W. MINTON

## ORDER

On this the _____ day of _____, 2014 came on to be heard the foregoing motion in limine and it is ordered that the items noted as "GRANTED" are hereby GRANTED, and that the items noted as "DENIED" are hereby DENIED.

Signed this _____ day of _____, 2013.

_____
JUDGE PRESIDING

THE STATE OF TEXAS

VS

TREY ETHAN BOONE

IN THE DISTRICT COURT

355TH JUDICIAL DISTRICT

HOOD COUNTY, TEXAS



## SUBPOENA DUCES TECUM

TO ANY SHERIFF, CONSTABLE OR BY ANY OTHER PERSON WHO IS NOT A PARTY AND IS NOT LESS THAN EIGHTEEN YEARS OF AGE, OF THE STATE OF TEXAS, GREETINGS:

You are hereby Commanded that you summon <u>LAURENCE MUNSELL, 3808 NOCONA DRIVE, GRANBURY, TEXAS 76049-5119,</u> and who is represented to reside within one hundred miles of the Justice Center of Hood County, Texas, in which this suit is pending or who may be found within such distance at the time of trial, to be and appear before the 355th District Court of Hood County, Texas, to be held at the <u>Hood County Justice Center</u> in Granbury, in said County, on the <u>19TH DAY OF MAY, 2014,</u> at <u>8:30.</u> A.M., then and there to testify as a witness in a certain cause now pending in said court, styled THE STATE OF TEXAS VS TREY ETHAN BOONE Cause No. CR12670 on the docket of said Court, and that He/She bring with Him or Her and produce in said Court, at said time and place, the below described records desired before the Court in said cause, to-wit:

THE ORIGINAL OR TRUE AND ACCURATE COPIES OF THE FOLLOWING:
DVDs, CDs, OR VIDEOTAPES CONTAINING EPISODES OF "SOUTH PARK."
and there attend the Court from day to day, and from term to term, until lawfully discharged.

Issued this 9TH day of MAY, 2014, and at the instance of DEFENDANT in said suit.
Herein Fail Not, and make due return hereof, showing how you have executed the same.
WITNESS my official signature, at Granbury this 9TH day of MAY, A.D. 2014.

TONNA TRUMBLE HITT – DISTRICT CLERK
355th Judicial District Court
Hood County, Texas

By: _Tracy Board_ ,Deputy

## OFFICER'S RETURN

Came to hand on the 12 day of May 2014 at 9:30 o'clock A M and executed on MAY 13 2014 at 9:00 o'clock A M by delivering a true copy of this subpoena to the within named witness summoned in Hood County, Texas at 3808 Nocona Dr. Granbury, TX 76049
[ ] not executed because _____
[ ] delivered electronically, acknowledge of receipt is attached.
[ ] mailed, certified mail, receipt for service is attached.

_Mike Xany_ Authorized officer
_____County, Texas     By: _____Deputy

27



# THE 355TH JUDICIAL DISTRICT COURT

Hood County Justice Center
1200 West Pearl Street
Granbury, Texas 76048
(817) 579-3233
FAX (817) 579-3243

RALPH H. WALTON, JR.
- JUDGE -
BOARD CERTIFIED - CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION



May 16, 2014

Mr. Michael W. Minton
The Law Offices of Michael W. Minton
6100 Western Place, Suite W0541
Fort Worth, Texas 76107
Fax 817 377 9201

RE:     Cause No. CR12670; The State of Texas vs. Trey Ethan Boone

Dear Mr. Minton:

Please be advised that this Court has removed the above-referenced case from the jury trial docket for the jury week beginning May 19, 2014 and specially set this case as number one (1) for the jury week beginning **Monday, July 7, 2014, at 9:00 o'clock a.m.** Please be present with your client ready for trial. Should a plea agreement be reached in this case, the deadline for the District Attorney to advise this Court and also file the executed Agreement to Reset and Plead Guilty is by **5 o'clock p.m. on the Thursday prior to the week of scheduled jury trial**.

By copy of this letter, I am confirming with the District Attorney the trial settings as indicated below.

Thank you for your anticipated cooperation concerning this matter. Should you have any questions regarding the above, please call (817) 579-3233.

Very truly yours,

Tricia Walters
Assistant Court Administrator
355th Judicial District Court

cc:     District Attorney – via inter-office delivery

PENNY WEISEND
Court Administrator
(817) 579-3233

MIKE CARLISLE
Official Court Reporter
(817) 579-3255

TRICIA WALTERS
Admin. Assistant
(817) 579-3233

RON BERRYMAN
Bailiff
(817) 579-3233

# THE 355TH JUDICIAL DISTRICT COURT

**Hood County Justice Center**
1200 West Pearl Street
Granbury, Texas 76048
(817) 579-3233
FAX (817) 579-3243

**RALPH H. WALTON, JR.**
- JUDGE -
BOARD CERTIFIED - CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

June 10, 2014

Mr. Robert Christian
District Attorney
355th Judicial District Court
Hood County Justice Center
1200 West Pearl Street
Granbury, Texas 76048 - via inter-office delivery

Mr. Michael W. Minton
The Law Offices of Michael W. Minton
6100 Western Place, Suite W0541
Fort Worth, Texas 76107
Fax 817 377 9201



> RE:     CR12670; The State of Texas vs. Trey Ethan Boone

Dear Counsel:

This shall confirm that this Court has rescheduled the hearings on Defendant's Motion for Designation of Outcry Witness and Hearing Regarding Reliability of Outcry Witness, filed April 30, 2014, and Defendant's Objections to Videotaped Interview of Trey Boone, filed May 13, 2014, for **Monday, June 30, 2014, at 9:00 o'clock a.m.**

Should you have any questions regarding the above, please contact the Court Administrator, Penny Weisend, at (817) 579-3233.

Very truly yours,

Tricia Walters
Assistant Court Administrator
355th Judicial District

cc:     Community Supervision- via inter-office delivery

# SUBPOENA

## CAUSE NO. CR12670



THE STATE OF TEXAS

VS.

TREY ETHAN BOONE

IN THE DISTRICT COURT

OF HOOD COUNTY TEXAS

355th JUDICIAL DISTRICT

TO ANY SHERIFF, CONSTABLE OR PEACE OFFICER OF THE STATE OF TEXAS, GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

Trooper Jim Hatfield-DPS-Fax (817) 579-3347

　　　　To be and personally appear at 1:30 o'clock P.M. on the 30th day of June, 2014, before the Honorable Ralph H. Walton, Jr., 355th Judicial District Court of Hood County, Texas, to be held within and for said County at the Hood County Justice Center thereof, in Granbury, Texas, then and there to testify and the truth to speak on behalf of the State of Texas in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court.

To: Trooper Jim Hatfield: If you refuse to obey a subpoena, you may be fined at the discretion of the court, as follows: In a felony case, not exceeding five hundred dollars.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same. Issued and given under my hand and seal of said Court at office this 23rd day of June, 2014.

Tonna Trumble Hitt, District Clerk
Hood County Justice Center
1200 W. Pearl St.
Granbury, Hood County, Texas

By: _____ _KG_ _____
　　　　　Deputy

## WITNESSES: UPON RECEIPT OF THIS SUBPOENA, PLEASE CALL 817-579-3250

### OFFICER'S RETURN

　　　　Came to hand the _____ day of _____, 2014, at _____ o'clock ____.M., and executed on _____ 2014, at _____ o'clock _____.M., by delivering a true copy of this subpoena to the within named witness summoned in Hood County, Texas at

_____

[ ] not executed because _____

[ ] delivered electronically, acknowledge of receipt is attached.

[ ] mailed, certified mail, receipt for service is attached.

Authorized officer _____

_____ County, Texas

By _____, Deputy



30



CR12670

CAUSE NO. ~~CR12670~~

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 355TH JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

## DEFENDANT'S APPLICATION FOR SUBPOENA DUCES TECUM

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Trey Boone, by and through his attorney of record, who makes and files the following application for issuance and service of a subpoena duces tecum, as follows:

1.

Defendant's attorney, Michael W. Minton, being duly sworn, states on oath that the testimony of the following named witness is believed to be material to the defense in this cause, and that the name, location and avocation of such witness, is as follows:

WITNESS:   Laurence Munsell

LOCATION:  3808 Nocona Drive, Granbury, Texas 76049-5119

AVOCATION:  Believed to be business owner/operator.

DUCES TECUM:  And that he bring with him and produce in the court referenced herein certain things desired as evidence in said criminal action, to-wit:  DVDs, CDs, or videotapes or other recordings containing episodes of "SOUTH PARK."

WHEREFORE, he applies for subpoena to issue forthwith to compel attendance of the above named as a potential witness for the defense in this cause, and to produce the requested items set forth herein in this cause.

APPLICATION FOR SUBPOENA DUCES TECUM

Page 1 of 3

Said witness is to be and appear on the 30th day of June, 2014 with the items listed in the duces tecum at 8:30 a.m. at the Hood County Justice Center in the City of Granbury, Texas in the 355th Judicial District Court of Hood County, Texas.

Respectfully submitted,

By: _____
MICHAEL W. MINTON
State Bar No. 14194550

THE LAW OFFICES OF
MICHAEL W. MINTON, P.L.L.C.
6100 Western Place
Suite W-341
Fort Worth, Texas 76107
mminton@mintonlaw.com
Telephone:    817-377-9200
Facsimile:    817-377-9201

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of June, 2014, a true and correct copy of the above and foregoing document was sent U.S. certified mail, return receipt requested and/or facsimile transmittal and/or hand delivery to all counsel of record in the above-styled and numbered cause.

_____
MICHAEL W. MINTON

STATE OF TEXAS

COUNTY OF HOOD

My name is Michael William Minton. My date of birth is October 28, 1962, and my business address is 6100 Western Place, Suite W0541, Fort Worth, Tarrant County, Texas 76107 in the United States of America. I have prepared and reviewed the above and foregoing application for subpoena duces tecum and declare that the matters contained therein are within my knowledge and are true and correct.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Hood County, Texas on the 25th day of June, 2014.

MICHAEL W. MINTON

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 355TH JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

## DEFENDANT'S OBJECTIONS TO VIDEOTAPED INTERVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Trey Boone, defendant in the above styled and numbered cause, and who makes and files the following line and page objections to the videotaped statement taken October 24, 2013, and in support thereof would respectfully show:

### I.

### INTRODUCTION

Defendant previously filed objections to the videotaped statement taken of him by law enforcement on October 24, 2013. Since then, the state has had the videotaped statement transcribed in question and answer form. In order to assist the Court in ruling on the objections and to make sure that the record is clear, defendant submits the following general objection and specific line and page objections to the designated portions of the recorded statement and requests the Court's rulings thereon.

### II.

### OBJECTIONS

**A.    Objection to videotaped statement as a whole.**

Defendant objects to the admission of the videotaped statement as a whole because the statement contains hearsay, hearsay within hearsay, improper reference to extraneous uncharged conduct, improper comment on the defendant's failure to provide

DEFENDANT'S OBJECTIONS TO VIDEOTAPED INTERVIEW

Page 1 of 15

evidence against himself contrary to U.S. Const. Amend. 5 and Tex. Const. art. I §10, and denies defendant his right to confront the witnesses against him under the U.S. Const. Amend. 6 and Tex. Const. art. I § 10. This inadmissible evidence is so intertwined throughout the statement as a whole that it renders the entire statement inadmissible. In the alternative, the potential for unfair prejudice in admitting the statement far outweighs any probative value of the statement and the statement should be excluded for that reason. Tex. R. Evid. 403.

SUSTAINED: _____ OVERRULED: _____✓_____

**B.     Line and page objections.**

In the alternative, and without waiving the preceding objections, defendant objects to specific portions of the statement designated by line and page, first stating where the objectionable testimony appears and then stating the objection(s) thereto:

**1.     Page 4, line 4 through line 25:**

a.     Hearsay and hearsay within hearsay.         w/d

SUSTAINED: _____ OVERRULED: _____✓_____

**2.     Page 5, line 25 through page 6, line 19:**

a.     Hearsay and hearsay within hearsay.         w/d

SUSTAINED: _____ OVERRULED: _____

**3.     Page 7, line 1 through line 2, ending with "you saw her?":**

a.     Irrelevant reference to extraneous offense (reference to prior prison sentence).

SUSTAINED: _____✓_____ OVERRULED: _____

**4.     Page 8, line 10 through Page 10, line 23:**

a. Hearsay and hearsay within hearsay;

b: Improper comment on defendant's refusal to provide evidence against himself in violation of U.S. Const. amend. 5 and Tex. Const. art. I § 10.

c. Hearsay testimonial statements denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. I § 10.

SUSTAINED: _____OVERRULED: _____

5. **Page 10 line 24 through page 11, line 4:**

a. Improper comment on defendant's refusal to provide evidence against himself in violation of U.S. Const. amend. 5 and Tex. Const. art. I § 10.

SUSTAINED: _____OVERRULED: _____

6. **Page 11, line 12 through line 16:**

a. Hearsay.

b. Improper opinion or conclusion regarding truthfulness of another.

c. Irrelevant (reference to prior prison sentence and conviction).

SUSTAINED: _____OVERRULED: _____

7. **Page 11, line 22 through page 12, line 14:**

a. Hearsay and hearsay within hearsay.

b. Hearsay testimonial statements denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. I § 10.

SUSTAINED: _____OVERRULED: _____

8. **Page 12, line 19 through page 13, line 6:**

DEFENDANT'S OBJECTIONS TO VIDEOTAPED INTERVIEW

Page 3 of 15

a.     Hearsay and hearsay within hearsay;

b.     Improper opinion as to the truthfulness of another witness.

c.     Hearsay testimonial statements denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. I § 10.

SUSTAINED: _____OVERRULED: __✓_____

9.     **Page 14, line 25 through page 15, line 3:**

a.     Hearsay;

b.     Relevance; potential for prejudice outweighs any probative value.

c.     Hearsay testimonial statements denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. I § 10.

SUSTAINED: _____OVERRULED: __✓_____

10.     **Page 15, line 10 through page 16, line 15:**

a.     Hearsay and hearsay within hearsay;

b.     Relevance;

c.     Hearsay testimonial statements denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. I § 10;

d.     Improper comment on defendant's refusal to provide evidence against himself in violation of U.S. Const. amend. 5 and Tex. Const. art. I § 10.

SUSTAINED: _____OVERRULED: __✓_____

11.     **Page 17, line 3 through 16:**

    a.     Hearsay and hearsay within hearsay;

    b.     Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

    SUSTAINED: _____OVERRULED: _____✓_____

12.     **Page 17, line 23 through page 18, line 6:**

    a.     Hearsay and hearsay within hearsay;

    b.     Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

    SUSTAINED: _____OVERRULED: _____✓_____

13.     **Page 18, line 14 through line 15 ending with "You're just too":**

    a.     Hearsay.

                                                     W/d

    SUSTAINED: _____OVERRULED: _____

14.     **Page 18, line 17 through line 18:**

    a.     Irrelevant. Improper reference to effect of an arrest on his parole.

    SUSTAINED: _____✓_____OVERRULED: _____

15.     **Page 18, line 19 through page 19, line 20:**

    a.     Hearsay and hearsay within hearsay;

    b.     Relevance;

    c.     Potential for prejudice outweighs probative value of the evidence;

d.   Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: ✓ _____

**16.   Page 19, line 21 through page 20, line 1:**

w/d

a.   Improper comment on the defendant's refusal to give evidence against himself under U.S. Const. amend. 5 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: _____

**17.   Page 20, line 7 through line 13 ending with "question to it.":**

a.   Irrelevant. Improper reference to refusal to take a polygraph examination.

SUSTAINED: ___✓_____ OVERRULED: _____

**18.   Page 21, line 14 through line 25:**

a.   Hearsay;

b.   Reference to extraneous conduct not charged in the indictment.

c.   Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: ___✓_____

**19.   Page 22, line 18 through line 23:**

w/d

a.   Hearsay and hearsay within hearsay.

SUSTAINED: _____ OVERRULED: _____

**20.   Page 24, line 3 through line 13:**

w/d

a.   Hearsay;

DEFENDANT'S OBJECTIONS TO VIDEOTAPED INTERVIEW

Page 6 of 15

b. Improper comment on the defendant's refusal to give evidence against himself under U.S. Const. amend. 5 and Tex. Const. art. 1 § 10;

c. Improper expression of an opinion as to truthfulness.

d. Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: _____

21. **Page 24, line 19 through page 25, line 1:**

a. Hearsay and hearsay within hearsay;

b. Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: __✓_____

22. **Page 25, line 2 through line 14:**

a. Hearsay and hearsay within hearsay;

b. Argumentative;

c. Assuming facts not in evidence;

d. Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: _____

23. **Page 25, line 15 through page 26, line 12:**

a. Relevance;

b. Hearsay;

c. Hearsay and hearsay within hearsay.

SUSTAINED: _____OVERRULED: _____

**24. Page 21, line 11 through page 31, line 15:**

a. Hearsay and hearsay within hearsay;

b. Improper comment on the defendant's refusal to provide evidence against himself in violation of U.S. Const. amend. 5 and Tex. Const. art. 1 § 10;

c. Improper comment or expression of opinion as to truthfulness or untruthfulness of another witness;

d. Assuming facts not in evidence;

e. Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____OVERRULED: ___✓_____

**25. Page 31, line 18 through 21:**

a. Hearsay and hearsay within hearsay;

b. Assuming facts not in evidence.

*w/d*

SUSTAINED: _____OVERRULED: _____

**26. Page 31, line 22 through page 32, line 16:**

a. Hearsay and hearsay within hearsay;

b. Assuming facts not in evidence;

c.      Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: _____✓_____

27.    **Page 32, line 23 through line 24 ending with "that part of it":**

a.      Hearsay and hearsay within hearsay.

SUSTAINED: _____ OVERRULED: _____✓_____

28.    **Page 32, line 24 beginning with "do you drink beer?" through page 33, line 2:**

a.      Relevance;

b.      Potential for prejudice outweighs probative value of the evidence.

SUSTAINED: _____✓_____ OVERRULED: _____

29.    **Page 34, line 16 through page 35, line 2:**

a.      Hearsay;

b.      Assumes facts not in evidence;

c.      Improper opinion as to the truthfulness or untruthfulness of another.

SUSTAINED: _____ OVERRULED: _____✓_____

30.    **Page 35, line 25 beginning with "let me ask you" through page 38, line 4:**

a.      Hearsay;

b.      Improper reference to an extraneous offense and conduct not charged in the indictment;

c.     Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____OVERRULED: _____

**31.    Page 39, line 1 through 13:**

a.     Hearsay and hearsay within hearsay;

b.     Improper reference to an extraneous offense and conduct not charged in the indictment;

c.     Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____OVERRULED: _____

**32.    Page 40, line 21 beginning with "maybe" ending with page 40, line 23 at the word "know":**

a.     Improper reference to an extraneous offense and conduct not charged in the indictment.

SUSTAINED: _____OVERRULED: _____

**33.    Page 41, line 7 through page 41, line 14:**

a.     Hearsay and hearsay within hearsay;

b.     Assuming facts not in evidence;

c.     Speculation;

d.     Potential for prejudice outweighs any probative value of the evidence;

e.  Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: _____ ✓

34. **Page 42, line 18 through page 43, line 12:**

a.  Hearsay and hearsay within hearsay;

b.  Improper reference to an extraneous offense and conduct not charged in the indictment (nipple pinching);

c.  Assuming facts not in evidence;

d.  Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: _____ ✓

35. **Page 45, line 2 through line 5 ending with "maybe going on":**

a.  Hearsay;

b.  Assuming facts not in evidence.

SUSTAINED: _____ OVERRULED: _____ ✓

36. **Page 46, line 6 through line 8:**

a.  Hearsay and hearsay within hearsay;

b.  Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: ___✓_____

37. **Page 46, line 9 through line 17:**

a. Irrelevant;

b. Potential for prejudice far outweighs any probative value of the evidence.

SUSTAINED: _____✓_____ OVERRULED: _____

38. **Page 46, line 18 through page 47, line 13 ending with "actual penetration":**

a. Improper hypothetical and assuming facts not in evidence.

SUSTAINED: _____ OVERRULED: _____✓_____

39. **Page 47 line 13 beginning with "you explain" through line 16:**

a. Irrelevant. Improper reference to extraneous conduct not charged in the indictment.

SUSTAINED: _____ OVERRULED: _____✓_____

40. **Page 49, line 2 through 3 ending with "a tough accusation":**

a. Hearsay and hearsay within hearsay.

SUSTAINED: _____ OVERRULED: _____✓_____

41. **Page 50, line 8 through page 51, line 18:**

a. Hearsay and hearsay within hearsay;

b. Assuming facts not in evidence;

c. Potential for prejudice outweighs any probative value of the evidence;

d. Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: _____

42. **Page 51, line 19 through page 52, line 5:**

    a.     Hearsay;

    b.     Improper comment on the failure of the defendant to give evidence against himself in violation of U.S. Const. amend. 5, Tex. Const. art. 1 § 10, and Tex. Code of Crim. Proc. art. 1.05.

SUSTAINED: _____ OVERRULED: _____

43. **Page 52, line 16 through page 53, line 3 ending with "very vague":**

    a.     Hearsay and hearsay within hearsay.

    b.     Assumes facts not in evidence;

    c.     Improper comment as to the truthfulness of another;

    d.     Speculation;

    e.     Potential for prejudice outweighs probative value of the evidence.

SUSTAINED: _____ OVERRULED: _____

44. **Page 54, line 10 through page 55, line 3:**

    a.     Hearsay;

    b.     Assumes facts not in evidence;

    c.     Improper conclusion or opinion as to the truthfulness of another.

SUSTAINED: _____ OVERRULED: _____

45. **Page 55, line 7 through 21:**

    a.     Hearsay and hearsay within hearsay;

    b.     Assuming facts not in evidence;

c.     Hearsay testimonial statement denying defendant his right to confront the witnesses against him in violation of U.S. Const. amend. 6 and Tex. Const. art. 1 § 10.

SUSTAINED: _____ OVERRULED: _____✔_____

WHEREFORE, PREMISES CONSIDERED, defendant Trey Boone prays that the Court enter its rulings as to the objections expressed herein.

Respectfully submitted,

By:_____
MICHAEL W. MINTON
State Bar No. 14194550

THE LAW OFFICES OF
MICHAEL W. MINTON, P.L.L.C.
6100 Western Place
Suite W0541
Fort Worth, Texas 76107
mminton@mintonlaw.com
Telephone:    817-377-9200
Facsimile:    817-377-9201

## ORDER

On this the **30** day of **June** , 2014 came on to be heard the foregoing objections and it is ordered that the items noted as "SUSTAINED" are hereby SUSTAINED, and that the items noted as "OVERRULED" are hereby "OVERRULED."

Signed this ___/___ day of **July** , 2014.

_____
JUDGE PRESIDING

**FILED**

DEFENDANT'S OBJECTIONS TO VIDEOTAPED INTERVIEW

Page 14 of 15

JUL - 1 2014

47

## CERTIFICATE OF SERVICE

I hereby certify that on this the _26th_ day of _June_, 2014, a true and correct copy of the above and foregoing document was sent U.S. certified mail, return receipt requested and/or facsimile transmittal to all counsel of record in the above styled and numbered cause.

MICHAEL W. MINTON

DEFENDANT'S OBJECTIONS TO VIDEOTAPED INTERVIEW

Page 15 of 15

THE STATE OF TEXAS

VS

TREY ETHAN BOONE

IN THE DISTRICT COURT



355TH JUDICIAL DISTRICT

HOOD COUNTY, TEXAS

## SUBPOENA DUCES TECUM

TO ANY SHERIFF, CONSTABLE OR BY ANY OTHER PERSON WHO IS NOT A PARTY AND IS NOT LESS THAN EIGHTEEN YEARS OF AGE, OF THE STATE OF TEXAS, GREETINGS:

You are hereby Commanded that you summon <u>LAURENCE MUNSELL, 3808 NOCONA DRIVE, GRANBURY, TEXAS 76049-5119</u>, and who is represented to reside within one hundred miles of the Justice Center of Hood County, Texas, in which this suit is pending or who may be found within such distance at the time of trial, to be and appear before the 355th District Court of Hood County, Texas, to be held at the <u>Hood County Justice Center</u> in Granbury, in said County, on the <u>30TH DAY OF JUNE, 2014</u>, at <u>8:30</u>. A.M., then and there to testify as a witness in a certain cause now pending in said court, styled THE STATE OF TEXAS VS TREY ETHAN BOONE Cause No. CR12670 on the docket of said Court, and that He/She bring with Him or Her and produce in said Court, at said time and place, the below described records desired before the Court in said cause, to-wit:

THE ORIGINAL OR TRUE AND ACCURATE COPIES OF THE FOLLOWING:
DVD'S, CDS, OR VIDEOTAPES OR OTHER RECORDINGS CONTAINING EPISODES OF "SOUTH PARK"
and there attend the Court from day to day, and from term to term, until lawfully discharged.

Issued this 25TH day of JUNE, 2014, and at the instance of DEFENDANT in said suit.
Herein Fail Not, and make due return hereof, showing how you have executed the same.
WITNESS my official signature, at Granbury this 25TH day of JUNE, A.D. 2014.

TONNA TRUMBLE HITT – DISTRICT CLERK
355th Judicial District Court
Hood County, Texas

By: _Tracy Board_ ,Deputy

## OFFICER'S RETURN

Came to hand on the 25 day of June 2014 at 2:01 o'clock P M and executed on June 26 2014 at 7:05 o'clock A M by delivering a true copy of this subpoena to the within named witness summoned in Hood County, Texas at _3808 Nocona Drive 76049_

[ ] not executed because _____

[ ] delivered electronically, acknowledge of receipt is attached.

[ ] mailed, certified mail, receipt for service is attached.

_Mike Olar_ ,Authorized officer
_Hood_ County, Texas          By:_____Deputy



CAUSE NO. CR12670

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 355TH JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

FILED
JUN 3 0 2014
Donna Trumble Hitt
Clerk District Court, Hood County, Texas

## DEFENDANT'S MEMORANDUM OF LAW REGARDING OBJECTIONS TO VIDEOTAPED INTERVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Trey Boone, defendant in the above styled and numbered cause, and who makes and files the following memorandum of law regarding his objections to his videotaped statement, and in support thereof would respectfully show:

### I.

### INTRODUCTION

This memorandum of law is intended to supplement the rules governing the objections made to his videotaped statement. Each section of this memo corresponds to each type of objection made and offers a concise statement of the law applicable thereto.

### II.

**A.     Hearsay and hearsay within hearsay**

"Hearsay" is an out of court statement offered in evidence to prove the truth of the matter asserted. TEX.R.EVID. 801(d). "Hearsay is not admissible except as provided by statute or these rules or by other rules prescribed pursuant to statutory authority." TEX.R.EVID. 802. *See also Thornton v. State*, 994 S.W.2d 845, 854 (Tex.App.-Fort Worth 1999, pet. ref'd). And hearsay included within hearsay requires that each level of hearsay be shown to be admissible as an exception. TEX. R. EVID. 805.

*In Schaffer v. State*, 777 S.W.2d 111 (Tex. Crim. App. 1989) the court of criminal appeals held that the state cannot circumvent the hearsay prohibition indirectly by offering an investigator's statement which itself contains hearsay. 777 S.W.2d at 113. In that case, the court precluded admission of so-called "backdoor" hearsay:

> The rule concerning the type of hearsay in this case is set out in *McCormick on Evidence*:
>
>> "If the purpose of the testimony is to use an out of court statement to evidence the truth of facts stated therein, the hearsay objection cannot be obviated by eliciting the purport of the statement in indirect form. Thus evidence as to the purport of information received by the witness, or testimony of the results of investigations made by other persons, offered as proof of the facts asserted out of court, are properly classed as hearsay." [Citation omitted]

*Schaffer*, 777 S.W.2d at 113.

In this case, the videotaped statement made during an interview Officer Hatfield is rife with hearsay. The statements by Hatfield alone—every one of them—qualify as hearsay under Rule 801(d).

Also, Hatfield was not personally involved in the investigation of this case other than to interview and arrest Trey Boone. Even if he interviewed the child complainant in this case, any information obtained from her would clearly be hearsay. If he obtained this information from law enforcement in Granbury, then it is second or third level hearsay. Wherever the information was obtained, it is either hearsay or hearsay within hearsay that should be excluded.

**B.     Evidence regarding defendant's failure or refusal to provide evidence.**

During the video statement, Hatfield makes several references to Boone choosing between coming clean to Hatfield or answering questions before a jury. Although

counsel has found no case law directly on point, the issue is analogous to improper argument on the defendant's privilege against self incrimination.

By making assertions about the ultimate trial process and asserting that the plaintiff will have to answer the prosecutor's questions before a jury Hatfield—intentionally or not—is commenting on Boone's silence. The clear implication of statements of this type is that Boone is required by law to answer such statements and failure to do so is evidence of guilt.

## C. Out of court testimonial declarations in violation of the confrontation clause.

During his interrogation, Hatfield made numerous references to what other people, including the child accuser, said and asked Boone to rebut it. The United States Supreme Court has held that out of court testimonial statements by a third party violate a defendant's sixth amendment right to confront the witnesses against him. *Crawford v. Washington*, 541 U.S. 36, 65-66 (2004). There is no reason in law or logic why the same result would not necessarily obtain under the Texas Constitution.

Hatfield constantly makes references to what the victim said happened and asks Boone to admit or deny them. They are clearly testimonial statements as to what happened and the fact they are hearsay by their very nature preclude Boone from confronting and cross-examining the declarant about them.

## D. Opinion or conclusion regarding truthfulness or veracity of another.

To the extent that Hatfield demanded Boone explain why other witnesses would have made the statements they made or why they would have the motive to lie or fabricate these questions are not admissible because they are improper efforts to impeach a witness through the testimony of other witnesses.

DEFENDANT'S MEMORANDUM OF LAW REGARDING OBJECTIONS TO VIDEOTAPED INTERVIEW

Page 3 of 5

Such questions are not permissible if they are asked by an attorney during trial. *See ex parte McFarland,* 163 S.W.3d 743, 755 f.n. 37 (Tex.Crim.App. 2005); *Lopez v. State,* 200 S.W.3d 246, 257 (Tex.App.-Houston [14th Dist.] pet. ref'd). The prosecution should not be permitted to introduce evidence through a videotaped statement that would be improper if the prosecutor himself asked them.

To the extent that Hatfield is expressing his own conclusions that Boone is being less than truthful such statements are likewise inadmissible. *See Sandoval v. State,* 409 S.W.3d 259, 293 (Tex. App.-Austin 2013, no pet.)(detective's opinion as to defendant's credibility is inadmissible).

**E.      Assuming facts not in evidence.**

Questions assuming facts that are not in evidence are improper because they can be used to put prejudicial assertions and hearsay before the jury as fact. *Ramirez v. State,* 815 S.W.2d 636, 652 (Tex. Crim. App. 1991). Such questions by an attorney are improper and the purpose of an objection on this basis is to prevent the interjection of improper and prejudicial hearsay before the jury. *Duncan v. State,* 95 S.W.3d 669, 673 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd).

If such questions are improper for attorneys they are equally improper for a police officer interviewing a defendant where the interview itself is being offered into evidence.

Respectfully submitted,

By: _____
MICHAEL W. MINTON
State Bar No. 14194550

DEFENDANT'S MEMORANDUM OF LAW REGARDING OBJECTIONS TO VIDEOTAPED INTERVIEW

Page 4 of 5

# THE 355TH JUDICIAL DISTRICT COURT

Hood County Justice Center
1200 West Pearl Street
Granbury, Texas 76048
(817) 579-3233
FAX (817) 579-3243

**RALPH H. WALTON, JR.**
**- JUDGE -**
BOARD CERTIFIED - CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

July 1, 2014

Mr. Robert Christian
District Attorney
355th Judicial District Court
Hood County Justice Center
1200 West Pearl Street
Granbury, Texas 76048 - via inter-office delivery

Mr. Michael W. Minton
The Law Offices of Michael W. Minton
6100 Western Place, Suite W0541
Fort Worth, Texas 76107
Fax 817 377 9201

      Re: Cause No. CR12670; The State of Texas vs. Trey Ethan Boone

Dear Counsel:

      Enclosed is the Court's ruling on Defendant's Objections to Videotaped Interview.

           Very truly yours,

           Ralph H. Walton, Jr.
           Judge, 355th Judicial District

RHW:tw
encl.

THE STATE OF TEXAS

VS

TREY ETHAN BOONE

HOOD COUNTY
CONSTABLE PCT 2

2014 JUL -2 P 2: 34

IN THE DISTRICT COURT

355TH JUDICIAL DISTRICT

HOOD COUNTY. TEXAS

**SUBPOENA**

Cause No.: **CR12670**
Date of offense: 11/13/2013

TO ANY SHERIFF, CONSTABLE OR PEACE OFFICER OF THE STATE OF TEXAS:
GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON: **DEPUTY MATT MCKINNEY, 400 DEPUTY LARRY MILLER DRIVE, GRANBURY, TX 76048**
To be and personally appear at **1:30** o'clock **PM** on the **July 07, 2014** before the honorable Ralph H. Walton, Jr., District Court of Hood County, Texas to be held within and for said County at the Hood County Justice Center thereof, in Granbury, Texas, then and there to testify and the truth to speak on behalf of the TREY ETHAN BOONE in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court.

To: **DEPUTY MATT MCKINNEY, 400 DEPUTY LARRY MILLER DRIVE, GRANBURY, TX 76048:** If you refuse to obey a subpoena, you may be fined at the discretion of the court, as follows: In a felony case, not exceeding five hundred dollars.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same. Issued and given under my hand and seal of said Court at office this 2ND DAY OF JULY, 2014

TONNA TRUMBLE HITT - DISTRICT CLERK
355th Judicial District Court
Hood County, Texas

By _*Tracy Board*_ Deputy

OFFICER'S RETURN

Came to hand on the ____ day of _____ 20___ at _____ o'clock ___M and executed on _____ 20___ at _____ o'clock ___M by delivering a true copy of this subpoena to the within named witness summoned in Hood County, Texas at _____
[ ] not executed because _____
[ ] delivered electronically, acknowledge of receipt is attached.
[ ] mailed, certified mail, receipt for service is attached.

_____Authorized officer
_____County, Texas   By:_____Deputy

55

THE STATE OF TEXAS

VS

TREY ETHAN BOONE

HOOD COUNTY
CONSTABLE PCT 1

2014 JUL -2 P 2: 34

FILED FOR RECORD
HOOD COUNTY
2014 JUL -3 P 3 27

~Tonna Trumble Hitt
HOOD COUNTY DISTRICT

IN THE DISTRICT COURT

355TH JUDICIAL DISTRICT

HOOD COUNTY. TEXAS

S U B P O E N A

Cause No.: **CR12670**
Date of offense: 11/13/2013

TO ANY SHERIFF, CONSTABLE OR PEACE OFFICER OF THE STATE OF TEXAS:
GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON: **CORPORAL DENISE LIZUN, 400 DEPUTY LARRY MILLER DRIVE, GRANBURY, TX 76048**
To be and personally appear at **1:30** o'clock **PM** on the **July 07, 2014** before the honorable Ralph H. Walton, Jr., District Court of Hood County, Texas to be held within and for said County at the Hood County Justice Center thereof, in Granbury, Texas, then and there to testify and the truth to speak on behalf of the TREY ETHAN BOONE in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court.

To: **CORPORAL DENISE LIZUN, 400 DEPUTY LARRY MILLER DRIVE, GRANBURY, TX 76048**: If you refuse to obey a subpoena, you may be fined at the discretion of the court, as follows: In a felony case, not exceeding five hundred dollars.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same. Issued and given under my hand and seal of said Court at office this 2ND DAY OF JULY, 2014

TONNA TRUMBLE HITT - DISTRICT CLERK
355th Judicial District Court
Hood County, Texas

By_*Tracy Board*_Deputy

OFFICER'S RETURN

Came to hand on the _2_ day of _July_ 20_14_ at _234_ o'clock _P_ M and executed on _July 3_ 20_14_ at _120_ o'clock _P_ M by delivering a true copy of this subpoena to the within named witness summoned in Hood County, Texas at _400 Deputy Larry Miller Rd. Granbury, TX_
[ ] ~~not executed because~~ _left with Chief Deputy Temple for Cpl Lizun_
[ ] delivered electronically, acknowledge of receipt is attached.
[ ] mailed, certified mail, receipt for service is attached.

**DEWAYNE HART**
**CONSTABLE** ~~Authorized officer~~
_~~Hood~~_ County, Texas By:_____Deputy

Delton G. Thrasher

POSTED

56

THE STATE OF TEXAS

VS

TREY ETHAN BOONE

IN THE DISTRICT COURT

355TH JUDICIAL DISTRICT

HOOD COUNTY. TEXAS

FILED FOR RECORD
HOOD COUNTY, TEXAS

2014 JUL -3 P 3 27

*Tonna Trumble Hitt*
HOOD COUNTY DISTRICT CLERK

**SUBPOENA**

Cause No.: **CR12670**
Date of offense: 11/13/2013

TO ANY SHERIFF, CONSTABLE OR PEACE OFFICER OF THE STATE OF TEXAS:
GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON: **DEPUTY PAUL KNIGHT, 400 DEPUTY LARRY MILLER DRIVE, GRANBURY, TX 76048**
To be and personally appear at **1:30** o'clock **PM** on the **July 07, 2014** before the honorable Ralph H. Walton, Jr., District Court of Hood County, Texas to be held within and for said County at the Hood County Justice Center thereof, in Granbury, Texas, then and there to testify and the truth to speak on behalf of the TREY ETHAN BOONE in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court.

To: **DEPUTY PAUL KNIGHT, 400 DEPUTY LARRY MILLER DRIVE, GRANBURY, TX 76048:** If you refuse to obey a subpoena, you may be fined at the discretion of the court, as follows: In a felony case, not exceeding five hundred dollars.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same. Issued and given under my hand and seal of said Court at office this 2ND DAY OF JULY, 2014

TONNA TRUMBLE HITT - DISTRICT CLERK
355th Judicial District Court
Hood County, Texas

By ___*Tracy Board*___ Deputy

---

OFFICER'S RETURN

Came to hand on the _2_ day of _July_ 2014 at _1234_ o'clock _P_ M and executed on _July 3_ 2014 at _120_ o'clock _P_ M by delivering a true copy of this subpoena to the within named witness summoned in Hood County, Texas at _400 Deputy Larry Miller Rd, Granbury, TX_
[ ] not executed because _____
[ ] delivered electronically, acknowledge of receipt is attached.
[ ] mailed, certified mail, receipt for service is attached.

**DEWAYNE HART**
**CONSTABLE**
Authorized officer
_Hood_ County, Texas By: _____ Deputy

Delton G. Thrasher

57

# ORIGINAL

CAUSE NO. CR12670

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT FOR RECORD |
| VS. | § | 355TH JUDICIAL DISTRICT |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

## AGREEMENT TO RESET AND PLEAD GUILTY

TO THE HONORABLE JUDGE OF SAID COURT:

On this date, the captioned cause being set on the docket of this Court, comes now the undersigned counsel for State and counsel for Defendant, and would show that both of said undersigned counsel consent to the continuance of this cause for the purpose of an agreed plea of guilty.

**RESET DATE: July 14, 2014**          **TIME SET: 1:30 p.m.**

**PLEA BARGAIN AGREEMENT:** The Defendant has agreed to enter a plea of GUILTY to the charge herein and the State agrees to recommend the following to the Court:

Plea: **[COUNT ONE] Ten (10) years deferred adjudication probation, a fine of $1,500.00, 500 hours community service, no contact with the victim or the victim's mother, standard conditions of probation for sex offenders and other conditions of probation recommended by the P. S. I. The State will provide a sworn affidavit of the victim's mother stating that the plea bargain is in the best interest of the victim.**

Defendant or Defense Counsel shall contact the Hood County Adult Probation Department at (817) 579-1120 for the purpose of scheduling a pre-sentence investigation. The pre-sentence investigation shall be completed no later than 14 days before the date of the plea setting.

The Defendant hereby consents to the release to the Court and the District Attorney of the Pre-sentence Investigation Report required by Article 42.12, Section 9 of the *Texas Code of Criminal Procedure* prior to sentencing in this case and specifically authorizes the Judge of this Court, and the Office of the District Attorney to inspect this report upon its completion by the probation officer. The Defendant also understands that if the plea bargain agreement set out above includes a recommendation of probation by the State, he will be required to execute and file with the Clerk of the Court a Sworn Application for Probation.

_____
Robert Christian
Counsel for the State
Fax (817) 579-3247

_____
Michael Minton
Counsel for the Defendant
Fax (817) 377-9201

**Note: Cases will not be placed on the docket nor plea papers prepared until a Pass Agreement has been signed and returned to the District Attorney's Office prior to the court date.**

## APPEARANCE

Based upon the foregoing representation of the parties, this case is set for the above appearance in the 355th Judicial District Court in Hood County, Texas, and Defendant, Defense Attorney and District Attorney are instructed to appear at the date and time set for the hereinabove. The Probation Office of this Court is hereby directed to prepare a Pre-sentence Investigation Report pursuant to Article 42.12, Section 9(a) of the *Texas Code of Criminal Procedure* and furnish a copy of said report to the Court, the District Attorney, and the Defendant or Defense Attorney prior to the date of sentencing set forth above.

Signed this the __3__ day of __July__, 2014.

_____
JUDGE RALPH H. WALTON, JR.
355th Judicial District, Hood County, Texas

58

**CAUSE NO.** CR12670    **DEFENDANT:** Trey Ethan Boone

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Basic Court Costs (felony) | | $ 274.00 |
| Misd. (A&B) | | ~~$ 222.00~~ |
| Peace Officer Fees | | |
|      Notice to Appear | $ 5.00 | — |
|      Summoning Witness | $ 5.00 | 30.00 |
|      Serving Writ | $ 35.00 | — |
|      Taking & Approving Bond | $ 10.00 | — |
|      Commitment and Release | $ 5.00 | — |
|      Summoning Jury | $ 5.00 | — |
|      Additional Capias Fee | $50.00 | — |
|      Other Expenses | | — |
| | | |
| Jury Fee | $ 20.00 | — |
| Video Fee | $ 15.00 | — |
| Juvenile Delinquency Prevention Fund | $ 50.00 | — |
| EMS, Trauma Facilities & Care Systems | $ 100.00 | — |
| Local Crime Stoppers | $ 50.00 | — |
| Repayment of Rewards | All or Part | — |
| **RESTITUTION FEE**    YES / ~~NO~~   BX (Initial) | **$ 12.00** | — |
| County Attorney Fee | $ 25.00 | — |
| Residential Aftercare-Substance Abuse | $ _____ | — |
| Time Payment Fee ....(if not paid within 31 days 9/1/99) | $ 25.00 | 25.00 |
| DNA Fee......(Felony)........(effective 9-1-2001) | $ 250.00 | — |
|      (Misd. Public Lewdness & Ind. Exp.) | $ 50.00 | — |
| Child Abuse Prevention Fee | $ 100.00 | 100.00 |
| Motion to Change Juvenile Sex Off. Registration | $ 20.00 per agency | — |
|     Clerk to send copy by CM to each Law Enf. Agency designated by court or person | | |
| Drug Court Program Fee | $ 60.00 | — |
| DNA testing fee....(probation or deferred adjudication cases)........$ 34.00 | | 34.00 |
| Family shelter fee...(all family violence cases)......................$100.00 | | 100.00 |

**TOTAL COURT COSTS** (court appointed attorney fee included) >>>>>> $ 1063.00

$500 (CA)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MTR COURT COST

| | | |
|---|---|---|
| Original Court Cost | $ | _____ |
| Defendant Paid | $ | _____ |
| Balance On Original Court Cost | $ | _____ |
| MTR Fee | $ | 65.00 |
| New Court Cost (court appointed attorney fee included).... | $ | _____ |
| | | |
| Remaining Fine | $ | _____ |

Date 7/7/14      _____ (Initial)

effective 10/29/2013

(

NO. CR12670

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| VS. | * | HOOD COUNTY, TEXAS |
| TREY ETHAN BOONE | * | 355TH JUDICIAL DISTRICT |

## WAIVER OF RIGHT TO TRIAL BY JURY

Now comes Trey Ethan Boone, Defendant, and Michael Minton, attorney for the Defendant in this cause, and in writing in open court hereby expressly waive the right of a trial by jury, having been informed of and fully understanding the right, pursuant to Article 1.15, Texas Code of Criminal Procedure.

This waiver is made pursuant to Article 1.15 of the Texas Code Criminal Procedure.

_____
Defendant

APPROVED:

_____
Attorney for the Defendant

_____
District Judge

Comes now the District Attorney of Hood County, Texas, and consents to and approves the waiver by the Defendant of his right to trial by jury.

_____
Robert Christian
District Attorney
355th Judicial District
Hood County, Texas



FILED

JUL 1 4 2014

Jonna Trumble Hitt
Clerk District Court, Hood County, Texas

| THE STATE OF TEXAS | IN THE DISTRICT COURT |
|---|---|
| VS. | OF HOOD COUNTY, TEXAS |
| TREY ETHAN BOONE | 355TH JUDICIAL DISTRICT |

TO: Trey Ethan Boone

Pursuant to Art. 26.13 C.C.P., you are hereby admonished in writing;

1.  You are charged with the felony offense of:

Aggravated Sexual Assault of a Child

2.  If convicted, you face the following range of punishment:

( xx )  FIRST DEGREE FELONY: a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.

( )  SECOND DEGREE FELONY: a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.

( )  THIRD DEGREE FELONY: a term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.

( )  HABITUAL OFFENDER: a term of life or any term of not more than 99 years or less than 25 years in the Institutional Division of the Texas Department of Criminal Justice.

( )  FIRST DEGREE ENHANCED: a term of life or any term of not more than 99 years or less than 15 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.

( )  STATE JAIL FELONY: confinement in a State Jail for any term of not less than 180 days or more than two years, and in additional a fine not to exceed $10,000.

1

( )    OTHER:  CLASS A MISDEMEANOR:  a fine not to exceed $4000 Confinement in jail for a term not to exceed one year, or both such fine and imprisonment.

3.    PLEA BARGAINS:  If no plea bargain exists, the recommendation of the prosecuting attorney is not binding on the Court.  If a plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea.  Should the court reject the agreement you will be permitted to withdraw your plea if you desire.

4.    CITIZENSHIP:   If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in deportation, the exclusion from admission to the country or denial of naturalization under federal law.

5.    DEFERRED ADJUDICATION:    If the Court defers adjudicating your guilt and places you on community supervision, on violation of any imposed condition you may be arrested and detained as provided by the law.  You will then be entitled to a hearing limited to the determination by the Court of whether to proceed with an adjudication or guilt on the original charge.  No appeal may be taken from this determination.  After adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation and your right to appeal continue as if adjudication of guilt had not been deferred.

You are informed that if you satisfactorily complete community supervision, you have the right to petition the Court for an Order of Non-Disclosure under Section 411.081, Government Code, unless you are ineligible to pursue that right because of the nature of the offense for which you are being placed on deferred adjudication community supervision; or because of your criminal history

6.    SEX OFFENDER REGISTRATION:  If you are convicted or placed on deferred adjudication for an offense that requires registration as an offender under Article 62, Texas Code of Criminal Procedure, you must meet all registration requirements as established in Article 62, Texas Code of Criminal Procedure, you must meet all registration requirements as established in Article 62, Texas Code of Criminal Procedure.

PRESIDING JUDGE

**FILED**

JUL 1 4 2014

Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

## DECLARATION OF UNDERSTANDING

Comes now the defendant, joined by my counsel, and states that I understand the foregoing admonishments from the Court and am aware of the consequences of my plea. I further state that I am mentally competent to stand trial and have sufficient present ability to consult with the defense counsel with a reasonable degree of understanding, and that I have a rational as well as factual understanding of the proceedings against me and that my plea is freely and voluntarily entered and entered only because I am guilty and for no other reason.

I wish to make and do make the following waivers of my rights which have been fully explained to me and which I fully understand, and further request that no pre-sentence report be made in this case:

1. Comes now the Defendant in person and in open Court, joined by Defendant's attorney and as hereinafter stated counsel for the State, and waives the right to trial by jury in accordance with Article 1.13 C.C.P. This waiver is made with the consent and approval of the Court.

2. In accordance with Article 1.14 C.C.P., the Defendant now in writing and in open court, waives any and all rights secured the Defendant by law, whether of substance or of procedure, and states that any error which may have been committed is harmless.

3. The Defendant in writing and in open court, and joined by Defendant's counsel, waives 10 days preparation period for trial. The Defendant in addition confirms that said Defendant is totally satisfied with the representation given by the defense attorney and that said counsel was completely competent in every aspect of representation.

4. If I am being convicted of or placed on deferred adjudication for an offense to which the sex offender registration requirements of Article 62 of the Texas Code of Criminal Procedure apply, I hereby certify to the Court that my attorney has advised me of all registration requirements contained therein and any obligations or requirements that I may have to comply with article 62, Texas Code of Criminal Procedure.

5. In accordance with Article 1.15, C.C.P., the Defendant now consents in writing, in open court, to waive the appearance, confrontation and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence in support of the judgment of the Court.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

3
63

## SWORN JUDICIAL CONFESSION

I hereby declare and state that I have read the indictment or information filed in this case and that I committed each and every allegation it contains or if I have pled to a lesser offense, I committed each and every allegation of that offense. I am guilty of the offense alleged or, if such was my plea, I am guilty of all lesser included offenses alleged therein. I swear to all of the foregoing and do further state that my plea in this case is made of my own free will because I am guilty and for no other reasons.

_____
DEFENDANT

Sworn to and subscribed to before me on this the _14th_ day of _July_, 2014.

TONNA HITT
District Clerk
355th Judicial District
Hood County, Texas

by _Tracy Board_
Deputy District Clerk


## APPLICATION FOR PROBATION

In the event that the punishment assessed does not exceed 10 years in the Institutional Division of the Texas Department of Criminal Justice, or if deferred adjudication is recommended, the Defendant certifies under oath Defendant's eligibility for probation as provided by law and moves that probation be granted.

_____
DEFENDANT

THE STATE OF TEXAS    }

COUNTY OF HOOD     }

     BEFORE ME, the undersigned authority, on this day personally appeared the Defendant, who being by me duly sworn, did depose and state upon his oath as follows:

     I am the Defendant in the above entitled and numbered cause. I have read the attached application for felony probation and hereby state that said application is true and correct.

_____
DEFENDANT

Sworn to and subscribed to before me on this the 14th day of July , 2014.

TONNA HITT
District Clerk
355th Judicial District
Hood County, Texas

by _Tracy Board_____
    Deputy District Clerk

## PROPOSED JUDGMENT

The Defendant and the Defendant's counsel acknowledge that they have read and examined a copy of the proposed Judgment and Sentence, Probation Judgment or the Order Deferring Adjudication, as the case may be, prepared by the District Attorney for this case; that they fully understand the same and that the terms thereof relative to the term of sentence, fine, length of probationary period and conditions of probation, as the case may be, are as they understood that the State would recommend to the Court and they agree to all of the same as the plea bargain in this case. They acknowledge that this is the entire plea bargain in this case.

## JOINDER AND CERTIFICATION

The Defendant and Defendant's counsel certify that everything in this Guilty Plea Memorandum and the Judgment and Sentence, Judgment of Probation or Order Deferring Adjudication is correct and accurate. The State, by its District Attorney, agrees to the waiving of a jury trial and confrontation of the witnesses and the Court consents to and approves, in writing, the waiver of a jury trial, the stipulation of evidence and the judicial confession and admits the same in evidence as States Exhibit 1. The Court certifies that the Defendant was duly admonished, in writing, as provided in Article 26.13 of the Texas Code

of Criminal Procedure, (or if the Defendant was unable to or refused to sign the admonitions, made such admonitions orally) and certifies that the Defendant is aware of the consequences of this plea. The Court accepts the plea of the Defendant, agrees to the Defendant's request that no pre-sentence report be made, and makes its findings respecting Defendant's guilt, sentence, probation or adjudication as above indicated and certifies that all admonishments have been made and waivers approved in open court, in writing, with Defendant and Defendant's counsel present.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
JUDGE PRESIDING

_____
DISTRICT ATTORNEY

FILED
JUL 1 4 2014
Donna Trumble Hitt
Tonia Trumble Hitt, Hood County, Texas
Clerk District Court

## WAIVER OF TIME TO FILE MOTIONS FOR NEW TRIAL AND IN ARREST OF JUDGMENT AND WAIVER OF APPEAL

Comes now the Defendant after trial, imposition of punishment and sentence, probation or deferment of adjudication, as the case may be, in writing, and in open Court and waives the time provided in Rule 31, Rules of Appellate Procedure (R.A.P.), for filing of a Motion for New Trial, and further waives the time provided in Rule 34, R.A.P., for the filing of a Motion in arrest of Judgment; and the Defendant, in writing and in open Court and joined by Defendant's counsel and after the close of all proceedings herein states that the Defendant understands the right to appeal as provided in Section Four of the Rules of Appellate Procedure and that if Defendant is indigent and desires to appeal, counsel will be appointed at no cost to Defendant.

The Defendant, now understanding all rights in this connection, freely, voluntarily and intelligently waives and abandons the right of appeal in this case. This waiver of appeal applies to and includes any matters which have been raised by written motion filed prior to trial.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

CR12670

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| V. | § | 355TH JUDICIAL DISTRICT |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

**FILED**
JUL 1 4 2014
~~Jonna Trumble Hitt~~
Clerk District Court, Hood County, Texas

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL *

I, Judge of the trial court, certify that this criminal case:

_____ is not a plea-bargain case, and the defendant has the right of appeal.

_____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal.

_____ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal.

__✓__ is a plea-bargain case, and the defendant has NO right of appeal.

__✓__ the defendant has waived the right of appeal.

_____ involves another appealable order (specify: _____).

**FILED**
JUL 1 4 2014
~~Jonna Trumble Hitt~~
Clerk District Court, Hood County, Texas

_____  7-14-14
JUDGE PRESIDING              DATE SIGNED

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____
Defendant

Defendant's Address:
1002 Jennier Rd.
Weatherford, TX 76087

Defendant's Counsel _____
State Bar of TX. ID# 141 04550

Counsel's Mailing Address:
6100 Western Place Ste W05541
Ft. Worth, Texas 76107

Telephone number: 817-377-9700

Fax number: 817-377-9701

*A defendant in a criminal case has a right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal. Tex. R. App. P. 25.2 (a)(2).

Appendix D to Rules of Appellate Procedure                    Rev. 04/11



CASE NO. CR12670  COUNT: ONE
INCIDENT NO./TRN: 9156764103

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HOOD COUNTY, TEXAS |
| | § | |
| TREY ETHAN BOONE | § | 355TH JUDICIAL DISTRICT |
| | § | |
| STATE ID NO.: TX08364813 | § | |

**FILED** JUL 1 4 2014

# ORDER OF DEFERRED ADJUDICATION

| Judge Presiding: | HON. **Ralph H. Walton, Jr.** | Date Order Entered: | **7/14/2014** |
|---|---|---|---|
| Attorney for State: | **Robert T. Christian<br>David Tucker<br>Megan Chalifoux<br>Laurence Chambless** | Attorney for Defendant: | **Michael Minton** |

Offense:
**Aggravated Sexual Assault of a Child**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **22.021  Penal Code** |

Dates of Offense:
**January 1, 2013,            ,**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **1ST DEGREE FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**In exchange for the Defendant's plea of guilty, the State will recommend ten (10) years deferred adjudication probation.  Fine $1500.00**

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

## ADJUDICATION OF GUILT DEFERRED;
## DEFENDANT PLACED ON COMMUNITY SUPERVISION.
## PERIOD OF COMMUNITY SUPERVISION: 10 YEARS

| Fine: | Court Costs: | Restitution: | Restitution Payable to:<br>(If checked below, See Exhibit A, attached hereto and incorporated herein) |
|---|---|---|---|
| **$ 1500.00** | **$ 1063.00** | **$ 114.00** | ☐ VICTIM<br>☒ AGENCY/AGENT |

**Sex Offender Registration Requirements apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **3  years.**

| Time Credited: | **249 DAYS**<br>**NOTES: N/A** |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.



All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Hood** County, Texas. The State appeared by her District Attorney as named above.

## Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates Defendant's guilt. The Court FINDS that, in this cause, it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on community supervision.

The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS that Defendant is given credit noted above for the time spent incarcerated. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

The Court ORDERS that no judgment shall be entered at this time. The Court further ORDERS that Defendant be placed on community supervision for the adjudged period so long as Defendant abides by and does not violate the terms and conditions of community supervision. See TEX. CODE CRIM. PROC. art. 42.12 § 5(a).

### Furthermore, the following special findings or orders apply:

### STANDARD CONDITIONS

1. Defendant shall commit no offense against the laws of this State, any other State, or of the United States.

2. Defendant shall avoid injurious or vicious habits and shall abstain from the use of controlled substances, alcohol, dangerous drugs, inhalants and narcotics or habit-forming drugs without a doctor's prescription.

3. Defendant shall avoid persons or places of disreputable or harmful character, shall not associate with persons with felony criminal records, persons who possess, use, or sell narcotics or habit forming drugs, avoid places where narcotic or habit forming drugs are illegally possessed, sold or used, and places where alcoholic beverages are possessed, sold, or used.

4. Defendant shall work faithfully at suitable employment; and shall not change employment without permission of the Court or supervision officer.

5. Defendant shall report to the Community Supervision Officer by the 15th day of each month, the first reporting date to begin the first day of the first month following the date of this order/judgment, and shall report to the supervision officer whenever and wherever otherwise directed by the officer.

6. Defendant shall permit the Community Supervision Officer to visit at her home or elsewhere.

7. Defendant shall not leave Hood County, for a period in excess of 24 hours unless given written permission to depart by the Community Supervision Officer in charge of the case.

8. Defendant shall not leave the State of Texas without the written consent of the supervision officer filed among the papers in this cause.

9. Defendant shall support his/her dependents.



10. Defendant shall report any change of employment or place of residence or arrest to the supervision officer within five (5) days.

11. Defendant shall submit urine, blood, breath, hair, sweat, or saliva samples to the community supervision officer in charge of his case at any time requested, to be used for the detection of alcohol or drug usage, and pay a one time fee of $50.00 on or before the first day of the first month following the date of this order/judgment, for such testing. The defendant shall not tamper with, remove or use any device, nor ingest any product that will alter the outcome of the defendant's drug and/or alcohol test result.

12. Defendant shall pay to the Adult Community Supervision Office of Hood County, Texas the sum of $ 50.00 each month beginning on the first day of the first month following the date of this order/judgment, or beginning on the first day of the first month following the release from incarceration in a penal facility if required in this order, whichever is later, until the following sums are paid:

Restitution          $114.00
Crimestoppers        $50.00

And thereafter, upon payment of those sums, the same payments shall be paid to the District Clerk of the 355th Judicial District Court in Granbury, Texas until the following sums are paid:

Court Costs          $1063.00
Fine                 $1500.00

13. Defendant shall pay a $60.00 per month community supervision fee to the Community Supervision and Corrections Department, beginning on the first day of the first month following the date of this order/judgment, and continuing on the same day of each month during the term of supervision.

14. Defendant shall perform 500 hours of Community Service Restitution at a governmental, charitable, or non-profit organization as assigned by the Community Supervision Officer in charge of the case, at a rate of no less than 8 hours per week if employed and 24 hours per week if unemployed, beginning within thirty (30) days of today's date and be responsible for any costs of supervision.

15. Pursuant to the Interstate Compact for Adult Offender's Supervision, Rule 4.107, should the Defendant transfer to another state, the Defendant shall pay to the Community Supervision and Corrections Department of Hood County, as a condition of your community supervision, a one time application fee in the amount of $100.00 for the interstate transfer on or within 30 days from the date of your transfer.

16. Defendant shall submit to an evaluation by a community supervision officer assigned to your case or other CSCD-approved person, to determine any drug and/or alcohol dependence issues you may have and pay a fee of $15.00 to the Hood County CSCD for the administration of this evaluation.

## SPECIAL CONDITIONS

17. Defendant shall, within seven (7) days of this order, execute a sex offender registration notification form through the Community Supervision and Corrections Department of the 355th Judicial District and shall personally provide a copy of said form to the County Sheriff and Chief of Police in the county and city of residence. Defendant shall comply with all sex offender registration procedures required by the laws of this state and of any other State in which the defendant may reside. Defendant shall pay any cost thereof as required by law.



18. Defendant shall participate in and successfully complete psychological counseling for sex offenders under the direction and supervision of the Hood County CSCD, and pay all costs associated therewith and continue in said program until successfully discharged by the counselor or the Court.

19. The defendant's age and gender, the municipality, street name, and zip code number where defendant intends to reside, and a brief description of the offense committed shall be and a brief description of the offense committed shall be published in a local newspaper. Defendant shall be responsible for all costs associated with said publication in a local newspaper and costs shall be paid through the Hood County CSCD.

20. The Defendant shall submit to and pay all costs for a clinical polygraph examination(s) and all other diagnostic tests or evaluations at any time as directed by the community supervision officer, the sex offender treatment provider or the Court.

21. The defendant shall not supervise nor participate in any program that includes as participants or recipients persons who are 17 years of age or younger and that regularly provides athletic, civic, or cultural activities. Defendant shall not reside, go in, on, or within, 1000 feet of an premises where children commonly gather including a school, day care facility, playground, public or privates youth center, public swimming pool or video arcade facility unless permission is obtained from the supervision office or Court.

22. The defendant shall not directly or indirectly communicate with the victim(s) of the offense, or the victim's mother, or go near a residence, school or other location frequented by the victim(s), unless supervised personally by a parent or legal guardian of the victim(s) and approved by the community supervision officer or the court.

23. The defendant shall have no contact with children under the age of 17 years unless supervised by a person over the age of 21 years who has been approved by the supervision officer or the Court.

24. The defendant shall not reside in a household where children under the age of 17 years without permission of the supervision officer or the Court.

25. The defendant shall not go on the premises of or patronize sexually oriented establishments and shall not purchase, own or possess sexually explicit materials.

26. The defendant shall pay to the Hood County CSCD a sex offender fee of $5.00 each month payable within the first days of the month during the period of supervision and in addition to other fees imposed.

27. The defendant shall, within 10 days of the date of this Order, submit a blood sample or other specimen to the Texas Department of Public Safety under Subchapter G, Chapter 411 Texas Government Code, for the purpose of creating a DNA record of the defendant.



28. The Defendant shall not possess or use a computer or any other electronic device with access to any "on-line computer service" at any location (including employment) without the prior approval of the Community Supervision officer or the Court. This includes any Internet service provider, bulletin board system, or any other public or private computer network. Defendant shall (1) allow the Community Supervision officer to conduct periodic unannounced examinations of his/her computer (s) equipment which may include retrieval and copying of all memory from your computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and (2) allow the Community Supervision officer to have installed on your computer(s), at your expense, any hardware or software systems to monitor you computer use.

29. The Texas Department of Public Safety will include in any driver's license record or personal identification certificate record maintained by the department for the defendant an indication that the defendant is subject to the registration requirements of Chapter 3, as added by Chapter 668, Acts of the 75th Legislature, Regular Session, 1997; 668, Acts of the 75th Legislature, Regular Session, 1997;

30. Further, the defendant shall apply to the Texas Department of Public Safety in person for an original or renewal driver's license or personal identification certificate not later than the date the defendant is released or the date the department sends written notice to the defendant of the requirements of Article 62.065, as applicable, and to annually renew the license or certificate.

31. Defendant shall attend Narcotics Anonymous one (1) time per week for 120 days.

## SPECIAL FINDINGS

N/A

The Defendant is hereby advised that, under the laws of the State of Texas, the Court shall determine the conditions of community supervision and may, at any time during the period of supervision, alter or modify the conditions of supervision. The Court also may extend the period of supervision and has the authority to revoke the community supervision at any time during the period of supervision for any violation of the conditions.

**Signed and entered on the** ___14___ **day of July, 2014.**

Ralph H. Walton, Jr.
JUDGE PRESIDING

Clerk: Tonna Hitt

**FILED**

JUL 1 4 2014

Tonna Trumble Hitt
Clerk District Court, Hood County. Page 5 of 6

CR12670 - Order of Deferred Adjudication

72



Receipt is hereby acknowledged on the date shown above of one copy of the above order.

_____
Defendant

Witnessed by Hood County CSCD Officer:

_____
CSCD Officer

Defendant's Right Thumbprint:



Defendant's signature: _____

Thumbprint taken by: _____

Date taken: 07/14/2014

CR12670 - Order of Deferred Adjudication

Page 6 of 6

73

**NO. CR12670**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | * | **IN THE DISTRICT COURT** |
| **VS.** | * | **OF HOOD COUNTY, TEXAS** |
| **TREY ETHAN BOONE** | * | **355TH JUDICIAL DISTRICT** |

**EXHIBIT "A"**
**RESTITUTION LIST**

Defendant owes restitution in the total amount of $114.00 as set out below:

1. Name:     Hood County Sheriff's Office - transportation
   Address:  400 Deputy Larry Miller Drive, Granbury, Texas 76048
   Amount:  $114.00

CASE No. CR12670          COUNTS II,III,IV
INCIDENT No./TRN:9156764103

THE STATE OF TEXAS            §        IN THE 355TH JUDICIAL DISTRICT
                             §
v.                           §        COURT
                             §
TREY ETHAN BOONE             §        HOOD COUNTY, TEXAS
                             §
STATE ID No.: TX 08364813    §

## MOTION TO DISMISS COUNTS II,III,IV ON INDICTMENT

TO THE HONORABLE DISTRICT COURT:

NOW COMES the State of Texas by and through its District Attorney, Robert T. Christian, and respectfully requests the Court to dismiss Counts II,III and IV of the above styled and numbered criminal action in which the defendant is charged with the offense of Indecency With a Child, Contact for the reason that, the defendant was placed on ten years deferred adjudication probation in Count One of the indictment.

WHEREFORE, premises considered, the State prays that Counts II, III and IV in the above styled and numbered cause be dismissed.

Respectfully submitted,

**ROBERT T. CHRISTIAN**
District Attorney
Hood County, Texas
355th Judicial District

## ORDER

The foregoing motion having been presented to the Court on this __9__ day of August, 2014, and the same having been considered, it is therefore ORDERED, ADJUDGED AND DECREED that Counts II,III and IV of said above styled and numbered cause be and the same is hereby dismissed.

**FILED**

AUG - 9 2014

Jonna Trumble Hitt
Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

RALPH H. WALTON, JR.
District Judge
Hood County, Texas
355th Judicial District

### CERTIFICATE OF SERVICE

This certifies that a copy of this Motion to Dismiss Counts II, III and IV on Indictment was delivered to the attorney of record Michael Minton, 6100 Western Place Ste. W0541, Ft. Worth, Texas 76107 on this the __4th__ day of August, 2014.

Robert T. Christian

NO. CR12670

THE STATE OF TEXAS      X      IN THE DISTRICT COURT

FILED FOR RECORD

VS.      X      HOOD COUNTY, TEXAS

TREY ETHAN BOONE      X      355TH JUDICIAL DISTRICT

## MOTION TO PROCEED WITH AN ADJUDICATION OF GUILT

TO THE HONORABLE JUDGE OF THE COURT:

Comes now, Robert Christian, District Attorney of Hood County, Texas, and would show the Court as follows:

I.

TREY ETHAN BOONE, Defendant in this cause was indicted in this cause for the offense of Aggravated Sexual Assault of a Child. On the 14th day of July, 2014, the Court heard evidence and found that it substantiated the Defendant's guilt of Aggravated Sexual Assault of a Child. However, the Court found that the best interest of society and the Defendant would be served by deferring further proceedings without entering an adjudication of guilt, and the Defendant was placed on probation for a period of TEN years, under the following terms and conditions

That during the term of this probation the Defendant SHALL:

2. Defendant shall avoid injurious or vicious habits and shall abstain from the use of controlled substances, alcohol, dangerous drugs, inhalants and narcotics or habit-forming drugs without a doctor's prescription.

3. Defendant shall avoid persons or places of disreputable or harmful character, shall not associate with persons with felony criminal records, persons who possess, use, or sell narcotics or habit forming drugs, avoid places where narcotic or habit forming drugs are illegally possessed, sold or used, and places where alcoholic beverages are possessed, sold, or used.

12. Defendant shall pay to the Adult Community Supervision Office of Hood County, Texas the sum of $50.00 each month beginning on the first day of the first month following the date of this order/judgment, or beginning on the first day of the first month following the release from incarceration in a penal facility if required in this order, whichever is later, until the following sums are paid:

Restitution      $114.00
Crime Stoppers      $ 50.00

And thereafter, upon payment of those sums, the same payments shall be paid to the District Clerk of the 355th Judicial District Court in Granbury, Texas until the following sums are paid:

Court Costs      $1,063.00
Fine      $1,500.00

13. Defendant shall pay a $60.00 per month community supervision fee to the Community Supervision and Corrections Department, beginning on the first day of the first month following the date of this order/judgment, and continuing on the same day of each month during the term of supervision.

18. Defendant shall participate in and successfully complete psychological, counseling for sex offenders under the direction and supervision of the Hood County CSCD, and pay all costs associated therewith and continue in said program until successfully discharged by the counselor or the Court.

21. Defendant shall not supervise nor participate in any program that includes as participants or recipients person who are 17 years of age or younger and that regularly provides athletic, civic, or cultural activities. Defendant shall not reside, go in, on, or within, 1000 feet of any premises where children commonly gather including a school, day care facility, playground, public or private youth center, public swimming or video arcade facility unless permission is obtained from the supervision officer or the Court.

76

25. Defendant shall not go on the premises of or patronize sexually oriented establishments and shall not purchase, own or possess sexually explicit materials.

26. Defendant shall pay to the Hood County CSCD a sex offender fee of $5.00 each month payable within the first days of the month during the period of supervision and in addition to other fees imposed.

II.

Defendant has violated the terms and conditions of his probation in the following manner:

A. TREY ETHAN BOONE, Defendant, failed to abstain from the use of controlled substances and on or about May 19, 2015, tested positive for marijuana, a violation of condition number two of this Court's order.

B. TREY ETHAN BOONE, Defendant, failed to abstain from the consumption of alcohol and on or about May 19, 2015, tested positive for alcohol, a violation of condition number two of this Court's order.

C. TREY ETHAN BOONE, Defendant, failed to abstain from the use of controlled substances and on or about June 30, 2015, verbally admitted to the polygraph examiner that he smoked marijuana while on community supervision, a violation of condition number two of this Court's order.

D. TREY ETHAN BOONE, Defendant, failed to abstain from the consumption of alcohol and on or about June 30, 2015, verbally admitted to the polygraph examiner that he consumed alcohol while on community supervision, a violation of condition number two of this Court's order.

E. TREY ETHAN BOONE, Defendant, failed to avoid places where alcoholic beverages are possessed, sold or used and on or about June 30, 2015, verbally admitted to the polygraph examiner that he patronized Boozers bar in Granbury, Texas while on community supervision, a violation of condition number three of this Court's order.

F. TREY ETHAN BOONE, Defendant, failed to pay $50.00 per month for restitution and crime stopper's fees for the months of December 2014, January and February 2015, a violation of condition number twelve of this Court's order.

G. TREY ETHAN BOONE, Defendant, failed to pay $60.00 per month for supervision fees for the month of June 2015, a violation of condition number thirteen of this Court's order.

H. TREY ETHAN BOONE, Defendant, was unsuccessfully discharged from sex offender treatment on July 24, 2015, a violation of condition number eighteen of this Court's order.

I. TREY ETHAN BOONE, Defendant, failed to avoid places where children commonly gather and on or about June 30, 2015, verbally admitted to the polygraph examiner that he visited a public swimming pool while on community supervision, a violation of condition number twenty-one of this Court's order.

J. TREY ETHAN BOONE, Defendant, failed to avoid going on the premises of a sexually oriented establishment and on or about June 30, 2015, verbally admitted to the polygraph examiner that he patronized Rick's Cabaret in Fort Worth, Texas while on community supervision, a violation of condition number twenty-five of this Court's order.

K. TREY ETHAN BOONE, Defendant, failed to avoid going on the premises of a sexually oriented establishment and on or about June 30, 2015, verbally admitted to the polygraph examiner that he patronized Buck's Cabaret in Fort Worth, Texas while on community supervision, a violation of condition number twenty-five of this Court's order.

L. TREY ETHAN BOONE, Defendant, failed to avoid possessing sexually explicit material and on or about June 30, 2015, verbally admitted to the polygraph examiner to viewing pornography while on community supervision, a violation of condition number twenty-five of this Court's order.

M. TREY ETHAN BOONE, Defendant, failed to pay $5.00 per month sex offender fee for the month of June 2015, a violation of condition number twenty-six of this Court's order.

77

The above violations occurred during the period in which the sentence in this cause was made probationary.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that the Defendant be cited to appear before the Court, at a time to be set by the Court, to show cause why the Court should not proceed with an adjudication of guilt and the imposition of sentence. Petitioner further prays that upon final hearing, that Defendant be adjudicated guilty of the offense of Aggravated Sexual Assault of a Child and be sentenced to be confined in the Institutional Division of the Texas Department of Criminal Justice for Life or for term of years of not less than FIVE years and not more than NINETY-NINE years and a fine of up to $10,000.00, and that the Clerk of this Court be ordered to issue all necessary papers as if no probation had been granted herein, and for such other orders as the Court may desire, including a Capias for the re-arrest and confinement of the Defendant.

for Megan Chalifoux
Assistant District Attorney
Robert Christian, District Attorney   SBN 24873674
355th Judicial District
Hood County, Texas

**NO. CR12670**

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE DISTRICT COURT |
| VS. | X | HOOD COUNTY, TEXAS |
| TREY ETHAN BOONE | X | 355th JUDICIAL DISTRICT |

## ORDER FOR ARREST CAPIAS

On the 6th day of August, 2015, a Motion to Proceed with an Adjudication of Guilt was filed in this cause by the District Attorney of Hood County, Texas, and considered by the Court.

IT IS ORDERED that the Clerk of this Court issue a Capias for the arrest of the Defendant, and that the Defendant appear before this Court in the District Courtroom in Granbury, Hood County, Texas, to show cause, if any he may have, why the probation granted in this cause should not be revoked. The Clerk of this Court is directed to serve certified copies of this order and the Motion to Proceed with an Adjudication of Guilt upon the Defendant.

SIGNED AND ENTERED this /0 day of August, 2015.

Amount of Bail:__None__

RALPH H. WALTON, JR.
DISTRICT JUDGE
355TH JUDICIAL DISTRICT
HOOD COUNTY, TEXAS

**FILED**

AUG 1 0 2015

CAPIAS - INSTANTER
Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

## THE STATE OF TEXAS

To Any Supervision Officer employed by the 355th Judicial District Court, or any Police Officer or other officer with the power to arrest of the State of Texas, Greeting: You are hereby commanded to arrest the above-named Defendant and bring him forthwith before the District Court of Hood County, Texas, to answer the State of Texas upon a Motion to Proceed With an Adjudication of Guilt in violation of the Penal Laws of the State of Texas.

HEREIN FAIL NOT, and make due return hereof to this Court on or before the date set out above. Witness my hand and seal of office, at Granbury, Hood County, Texas, on the ||**th** day of August, 2015.

TONNA HITT, DISTRICT CLERK
355TH JUDICIAL DISTRICT
HOOD COUNTY, TEXAS

Amount of Bail: __None___

BY: Morgan Kinkade
Deputy

## SHERIFF'S RETURN

Came to hand the _____ day of _____, 2015, at ___o'clock __.M., and executed the _____ day of _____, 2015, at ___o'clock __.M., by arresting the Defendant _____, at _____ in _____County, Texas and (placing him in jail)(taking his bond). I traveled _____ miles in serving this Motion and Capias.

| | | |
|---|---|---|
| Fees-making arrest | $_____ | _____Sheriff, |
| Mileage | $_____ | _____County, Texas |
| Taking bond | $_____ | By:_____Deputy |
| Commitment | $_____ | |

79

B73

EXHIBIT A-1"

CAUSE NO. CR12670/MTK

FILED
AUG 17 2015

Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

THE STATE OF TEXAS § IN THE DISTRICT COURT

VS. § 355TH JUDICIAL DISTRICT

Boone, Trey Ethan § HOOD COUNTY, TEXAS

## APPLICATION FOR APPOINTMENT OF COUNSEL

On this _17_ day of _August_____, 20_15_, I have been advised of my right to representation by counsel in the trial of the charge pending against me. I certify that I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me. I further certify that all statements in the attached Declaration of Financial Inability to Employ Counsel are true and correct.

_____Trey Boone_____
Defendant

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the _17_ day of _August_____, 20_15_

_____
Notary Public in and for the State of Texas
My commission expires:____2-28-16____

D J WREN
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 02-28-2016

## ORDER APPOINTING/DENYING COUNSEL

On this the _18_ day of _August_____, 20_15_, came on to be heard in the above numbered and entitled cause, the sword affidavit of Defendant requesting appointment of counsel to represent Defendant in said cause, and it appears to the Court that the Defendant is/is not an indigent person, too poor to employ counsel to represent Defendant, and that Defendant is entitled to have an attorney appointed to represent Defendant here in.

It is therefore ORDERED, ADJUDGED and DECREED that _Pam Walker_____ a licensed practicing attorney in the State of Texas, be, and is hereby appointed counsel for the Defendant; or

It is therefore ORDERED, ADJUDGED, and DECREED that the Application for Appointment of Counsel is DENIED.

_____
Presiding Judge

FILED
AUG 18 2015

Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

80

CAUSE NO. CR 12670/MTR

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 355TH JUDICIAL DISTRICT |
| Boone, Trey Ethan | § | |
| | § | HOOD COUNTY, TEXAS |

## DECLARATION OF FINANCIAL INABILITY TO EMPLOY COUNSEL

I, Trey Boone , am the Defendant in the above entitled action. I am not represented by counsel in this proceeding. I have no assets except the following:

1) My earnings are (Name, address of employer, and amount of weekly or monthly earnings):
N/A

2) I have other income in the amount of (State source of income and amount per week or months):
N/A

3) I am/am not married and support ___0___ children and/or dependents who are:

| Name | , | Relationship |
| Name | , | Relationship |
| Name | , | Relationship |

4) Earning of my spouse and/or children are (Name of employer and amount weekly or monthly earnings):
N/A

5) I own the following property: (Address where located) (Payments) (Balance Owed) (Value)

N/A
   a)   Home_____
   b)   Automobile_____
   c)   Furniture_____
   d)   Other (Land/Buildings)_____
   e)   Notes, mortgages, trust deeds_____
   f)   Motorcycles_____
   g)   Other vehicles_____
   h)   War bonds_____
   i)   Stocks and bonds_____
   j)   Animals_____
   k)   Jewelry_____
   l)   Other personal property_____

6) I have the following money:

N/A
   a) In jail..... _____   e ) In safety deposit box...... _____
   b) At home... _____   f ) Being held or owed to me.._____
   c) Checking accounts_____ g ) Other... _____
   d) Savings accounts _____

7) I have the following debts and/or expenses in addition to those listed above:
N/A

8) I am/am not free on bail. Amount of bail $ N/A . Name of person who paid bail bond:

I have no ability to obtain credit to raise funds with which to employ an attorney to defend me. I declare under penalty of perjury that the foregoing is true and correct.

Date this 7 day of August , 2015 at granbury , Texas.

_____
Signature of Declarant

NO. CR12670

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 355th JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

## MOTION TO SUBSTITUTE COUNSEL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes TREY ETHAN BOONE, Defendant, and brings this Motion to Substitute Counsel, requesting the Court grant permission for Pam Walker to withdraw and to substitute Richard L. Hattox as attorney of record for Defendant in this cause, and in support thereof would show:

1. Pam Walker was previously appointed by the Court to represent Defendant in this cause. Defendant no longer desires to be represented by Pam Walker.

2. Richard L. Hattox has been employed to represent TREY ETHAN BOONE in this case. TREY ETHAN BOONE approves this substitution. This Motion is not brought for delay, but to allow Defendant to be represented by counsel of his choice.

**WHEREFORE, PREMISES CONSIDERED,** TREY ETHAN BOONE prays that the Court enter an order allowing Pam Walker to withdraw from representing Defendant and to substitute Richard L. Hattox as attorney of record in this cause.

Respectfully submitted,

Richard L. Hattox
201 East Bridge
Granbury, Texas 76048
Tel: (817) 579-9955
Fax: (817) 579-6280

82

## CERTIFICATE OF SERVICE

This is to certify that on September 1, 2015, a true and correct copy of the above and

foregoing document was served on the District Attorney's Office, Hood County, Texas, by hand

delivery.

_____
Richard L. Hattox



## SUBPOENA

### CAUSE NO. CR12670

| | |
|---|---|
| **THE STATE OF TEXAS** | **IN THE DISTRICT COURT** |
| **VS.** | **OF HOOD COUNTY TEXAS** |
| **TREY ETHAN BOONE** | **355th JUDICIAL DISTRICT** |

TO ANY SHERIFF, CONSTABLE OR PEACE OFFICER OF THE STATE OF TEXAS, GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

JARED FISH,   FAX # (817) 276-9566

      To be and personally appear at 1:00 o'clock P.M. on the 21st day of September, 2015, before the Honorable Ralph H. Walton, Jr., 355th Judicial District Court of Hood County, Texas, to be held within and for said County at the Hood County Justice Center thereof, in Granbury, Texas, then and there to testify and the truth to speak on behalf of the State of Texas in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court.

To: JARED FISH:  If you refuse to obey a subpoena, you may be fined at the discretion of the court, as follows:  In a felony case, not exceeding five hundred dollars.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same.  Issued and given under my hand and seal of said Court at office this 4th day of September, 2015.

Tonna Trumble Hitt, District Clerk
Hood County Justice Center
1200 W. Pearl St.
Granbury, Hood County, Texas

By: _____
    Deputy

### WITNESSES:  UPON RECEIPT OF THIS SUBPOENA, PLEASE CALL 817-579-3250

### OFFICER'S RETURN

      Came to hand the _____ day of _____, 2015, at _____ o'clock ___.M., and executed on _____ 2015, at _____ o'clock ____.M., by delivering a true copy of this subpoena to the within named witness summoned in Hood County, Texas at _____
[ ] not executed because _____
[ ] delivered electronically, acknowledge of receipt is attached.
[ ] mailed, certified mail, receipt for service is attached.
Authorized officer _____
_____ County, Texas
By _____, Deputy



84

CAUSE NO. CR12670



**THE STATE OF TEXAS**                    **IN THE DISTRICT COURT**

**VS.**                                    **OF HOOD COUNTY, TEXAS**

**TREY ETHAN BOONE**                       **355TH JUDICIAL DISTRICT**

TO ANY SHERIFF, CONSTABLE OR PEACE OFFICER OF THE STATE OF TEXAS, GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON:

LINDA PIERCE, CSCD

To be and personally appear at 1:00 o'clock P.M. on the 21st day of September, 2015, before the Honorable Ralph H. Walton, Jr., 355th Judicial District Court of Hood County, Texas, to be held within and for said County at the Hood County Justice Center thereof, in Granbury, Texas, then and there to testify and the truth to speak on behalf of the State of Texas in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court.

Said above named witness is further commanded to produce at said time and place above set forth the following books, papers, documents, or tangible things to wit: COMMUNITY SUPERVISION CORRECTION DEPARTMENT'S CASE FILE ON THIS CAUSE

To: LINDA PIERCE: If you refuse to obey a subpoena, you may be fined at the discretion of the court, as follows: In a felony case, not exceeding five hundred dollars.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same. Issued and given under my hand and seal of said Court at office this 4th day of September, 2015.

Tonna Trumble Hitt, District Clerk
Hood County Justice Center
1200 W. Pearl St.
Granbury, Hood County, Texas

By: _____
     Deputy

**WITNESSES:  UPON RECEIPT OF THIS SUBPOENA, PLEASE CALL 817-579-3250**

**OFFICER'S RETURN**

Came to hand the ____ day of _____, 2015, at _____ o'clock ___.M., and executed on _____ 2015, at _____ o'clock ____.M., by delivering a true copy of this subpoena to the within named witness summoned in Hood County, Texas at _____
[ ] not executed because _____
[ ] delivered electronically, acknowledge of receipt is attached.
[ ] mailed, certified mail, receipt for service is attached.
Authorized officer _____
_____ County, Texas
By _____, Deputy





## CAUSE NO. CR12670

| | |
|---|---|
| **THE STATE OF TEXAS** | **IN THE DISTRICT COURT** |
| **VS.** | **OF HOOD COUNTY TEXAS** |
| **TREY ETHAN BOONE** | **355ᵗʰ JUDICIAL DISTRICT** |

TO ANY SHERIFF, CONSTABLE OR PEACE OFFICER OF THE STATE OF TEXAS, GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON:

AMBER BOSWELL,  FAX # (325) 646-3477

       To be and personally appear at 1:00 o'clock P.M. on the 21st day of September, 2015, before the Honorable Ralph H. Walton, Jr., 355ᵗʰ Judicial District Court of Hood County, Texas, to be held within and for said County at the Hood County Justice Center thereof, in Granbury, Texas, then and there to testify and the truth to speak on behalf of the State of Texas in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court.

To: AMBER BOSWELL:  If you refuse to obey a subpoena, you may be fined at the discretion of the court, as follows:  In a felony case, not exceeding five hundred dollars.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same.  Issued and given under my hand and seal of said Court at office this 4th day of September, 2015.

Tonna Trumble Hitt, District Clerk
Hood County Justice Center
1200 W. Pearl St.
Granbury, Hood County, Texas

By: _____
     Deputy

### WITNESSES:  UPON RECEIPT OF THIS SUBPOENA, PLEASE CALL 817-579-3250

### OFFICER'S RETURN

       Came to hand the _____ day of _____, 2015, at _____ o'clock ____.M., and executed on _____ 2015, at _____ o'clock ____.M., by delivering a true copy of this subpoena to the within named witness summoned in Hood County, Texas at _____
[ ] not executed because _____
[ ] delivered electronically, acknowledge of receipt is attached.
[ ] mailed, certified mail, receipt for service is attached.
Authorized officer _____
_____ County, Texas
By _____, Deputy



# SUBPOENA

## CAUSE NO. CR12670



THE STATE OF TEXAS

VS.

TREY ETHAN BOONE

IN THE DISTRICT COURT

OF HOOD COUNTY TEXAS

355ᵗʰ JUDICIAL DISTRICT

TO ANY SHERIFF, CONSTABLE OR PEACE OFFICER OF THE STATE OF TEXAS, GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

LAWRIN DEAN, FAX # (817) 338-1811

     To be and personally appear at 1:00 o'clock P.M. on the 21st day of September, 2015, before the Honorable Ralph H. Walton, Jr., 355ᵗʰ Judicial District Court of Hood County, Texas, to be held within and for said County at the Hood County Justice Center thereof, in Granbury, Texas, then and there to testify and the truth to speak on behalf of the State of Texas in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court.

To: LAWRIN DEAN: If you refuse to obey a subpoena, you may be fined at the discretion of the court, as follows: In a felony case, not exceeding five hundred dollars.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same. Issued and given under my hand and seal of said Court at office this 4th day of September, 2015.

Tonna Trumble Hitt, District Clerk
Hood County Justice Center
1200 W. Pearl St.
Granbury, Hood County, Texas

By: _____
     Deputy

## WITNESSES: UPON RECEIPT OF THIS SUBPOENA, PLEASE CALL 817-579-3250

## OFFICER'S RETURN

     Came to hand the ____ day of _____, 2015, at _____ o'clock ___.M., and executed on _____ 2015, at _____ o'clock ____.M., by delivering a true copy of this subpoena to the within named witness summoned in Hood County, Texas at _____
[ ] not executed because _____
[ ] delivered electronically, acknowledge of receipt is attached.
[ ] mailed, certified mail, receipt for service is attached.
Authorized officer _____
_____ County, Texas
By _____, Deputy



**NORCHEM** DRUG TESTING LABORATORY
CAP-FUDT: # 6913001
CLIA:      # 03D0936918

1760 E Route 66, Suite 1
P.O. BOX 70,000
FLAGSTAFF, AZ 86004

FILED FOR RECORD
HOOD COUNTY, TEXAS

2015 SEP 10 P 4: 09

## AFFIDAVIT of Certifying Scientist

*Dona Summla Hair*
*HOOD COUNTY DISTRICT CLERK*

I, Samantha Johnson, depose and say that; I am a laboratory certifying official of Norchem Drug Testing Laboratory. The laboratory is certified by the U.S. Department of Health and Human Services, Clinical Laboratory Improvement Amendments (CLIA) and accredited by the College of American Pathologists Forensic Urine Drug Testing laboratory accreditation program. In this capacity I can attest that: (i) the laboratory personnel are qualified and appropriately trained for their specifically authorized functions, (ii) only fully validated analytical methods are used to report results, (iii) the internal chain of custody records are maintained on all specimens, and (iv) all laboratory policies and procedures, regulations and quality control criteria are complied with.

I have reviewed the test records and have full knowledge of all the procedures and analytical results pertaining to specimen identified by:

Brown, Troy E                 , 5K2105919 , 3383
        (name)                      (Lab ID #)          (Client #)

and have found them to demonstrate the presence of the drug(s):
THC ( Marijuana Metabolite ) . This specimen was screened by Immunoassay (IA) and confirmed by either Gas Chromatography/Mass Spectrometry (GC/MS, Liquid Chromatography/Mass Spectrometry/Mass Spectrometry (LC/MS/MS) ) or Gas Chromatography/Flame Ionization Detector (GC-FID for ethanol only). The combination of these two analytical methods provides a confidence level of virtually 100% for the presence of the stated drug.

Norchem Laboratory keeps records of the procedures and analytical results and issues reports derived from those results in the normal course of business and I am the keeper of those records and it is the regular course of business of Norchem Drug Testing for an employee or said representative of said archives, with knowledge, of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I, _____ , do hereby swear under penalty of perjury that the assertions of this affidavit are true.

Subscribed before me this ___9th___ day of ___September___ , 20 15.

_____
NOTARY PUBLIC

BEVERLY C. SHAW
Notary Public - State of Arizona
COCONINO COUNTY
My Commission Expires
September 24, 2018

L:\AFFIDAVITS\6669 affidavit Sam J.doc

88

**NORCHEM DRUG TESTING LABORATORY**
CAP-FUDT: # 6913001
CLIA:       # 03D0936918

1760 E Route 66, Suite 1
P.O. BOX 70,000
FLAGSTAFF, AZ 86004

FILED FOR RECORD
HOOD COUNTY, TEXAS

2015 SEP 10 P 4: 09

## AFFIDAVIT of Certifying Scientist

I, Michaelyn Shannon , depose and say that; I am a laboratory certifying official of Norchem Drug Testing Laboratory. The laboratory is certified by the U.S. Department of Health and Human Services, Clinical Laboratory Improvement Amendments (CLIA) and accredited by the College of American Pathologists Forensic Urine Drug Testing laboratory accreditation program. In this capacity I can attest that: (i) the laboratory personnel are qualified and appropriately trained for their specifically authorized functions, (ii) only fully validated analytical methods are used to report results, (iii) the internal chain of custody records are maintained on all specimens, and (iv) all laboratory policies and procedures, regulations and quality control criteria are complied with.

I have reviewed the test records and have full knowledge of all the procedures and analytical results pertaining to specimen identified by:

Boone, Trey E          ,    5K2105919    ,    3303
       (name)                        (Lab ID #)                    (Client #)
and have found them to demonstrate the presence of the drug(s):
   Alcohol                                               . This specimen was screened by Immunoassay (IA) and confirmed by either Gas Chromatography/Mass Spectrometry (GC/MS), Liquid Chromatography/Mass Spectrometry/Mass Spectrometry (LC/MS/MS) or Gas Chromatography/Flame Ionization Detector (GC-FID for ethanol only). The combination of these two analytical methods provides a confidence level of virtually 100% for the presence of the stated drug.

Norchem Laboratory keeps records of the procedures and analytical results and issues reports derived from those results in the normal course of business and I am the keeper of those records and it is the regular course of business of Norchem Drug Testing for an employee or said representative of said archives, with knowledge, of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I, _____ , do hereby swear under penalty of perjury that the assertions of this affidavit are true.

Subscribed before me this __9th__ day of __September__ , 20 _15_.

_____
                NOTARY PUBLIC

BEVERLY C. SHAW
Notary Public - State of Arizona
COCONINO COUNTY
My Commission Expires
September 24, 2018

**NORCHEM** DRUG TESTING LABORATORY
CAP-FUDT: # 6913001
CLIA: # 03D0936918

1760 E Route 66, Suite 1
P.O. BOX 70,000
FLAGSTAFF, AZ 86004

FILED FOR RECORD
HOOD COUNTY. TEXAS

2015 SEP 10 P 4: 09

# AFFIDAVIT of Certifying Scientist

I, Michaelyn Shannon , depose and say that; I am a laboratory certifying official of Norchem Drug Testing Laboratory. The laboratory is certified by the U.S. Department of Health and Human Services, Clinical Laboratory Improvement Amendments (CLIA) and accredited by the College of American Pathologists Forensic Urine Drug Testing laboratory accreditation program. In this capacity I can attest that: (i) the laboratory personnel are qualified and appropriately trained for their specifically authorized functions, (ii) only fully validated analytical methods are used to report results, (iii) the internal chain of custody records are maintained on all specimens, and (iv) all laboratory policies and procedures, regulations and quality control criteria are complied with.

I have reviewed the test records and have full knowledge of all the procedures and analytical results pertaining to specimen identified by:

Boone, Trey E , 5K2105919 , 3383
(name)           (Lab ID #)        (Client #)

and have found them to demonstrate the presence of the drug(s):

Ethyl Glucuronide (ETG) + Ethyl Sulfate (ETS). This specimen was screened by Immunoassay (IA) and confirmed by either Gas Chromatography/Mass Spectrometry (GC/MS), Liquid Chromatography/Mass Spectrometry/Mass Spectrometry (LC/MS/MS) or Gas Chromatography/Flame Ionization Detector (GC-FID for ethanol only). The combination of these two analytical methods provides a confidence level of virtually 100% for the presence of the stated drug.

Norchem Laboratory keeps records of the procedures and analytical results and issues reports derived from those results in the normal course of business and I am the keeper of those records and it is the regular course of business of Norchem Drug Testing for an employee or said representative of said archives, with knowledge, of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I, _____ , do hereby swear under penalty of perjury that the assertions of this affidavit are true.

Subscribed before me this 9th day of September , 20 15.

_____
NOTARY PUBLIC

BEVERLY C. SHAW
Notary Public - State of Arizona
COCONINO COUNTY
My Commission Expires
September 24, 2018

```
3383   HOOD COUNTY CSCD              CAP-FUDT #6913001      NORCHEM DRUG TESTING
       1202 W. PEARL ST.            CLIA  #03D0936918       1760 E. ROUTE 66  STE 1
       ATTN: SUSANNE MORTON                                 P.O. BOX 70000
       GRANBURY, TX 76048                                   FLAGSTAFF, AZ 86003
       817-579-1120 5403                                    (800) 348-4422
```

## NON-CAP FUDT REPORT

```
       NAME:         BOONE, TREY E          COLLECTION DATE:     05/19/2015
       ACCESSION:    5K2105919              COLLECTION TIME:     1120
       COC #:        K3325263               ORDER DATE:          05/22/2015
       DOB/SEX:      /M                     ORDER TIME:          11:09:31
       REQUESTED BY: AMBER BOSWELL          COMPLETION DATE:     09/02/2015
       SSN:                                 REPORT PRINT DATE:   09/02/2015
       CASE #:       638243816              OTHER ID#:
```

SPECIMEN RECEIVED SEALED AND INTACT UNLESS OTHERWISE NOTED
GCMS OR LCMSMS CONFIRMATION OF A POSITIVE SCREEN IS RECOMMENDED IF LEGAL ACTION IS ANTICIPATED

**Client Notes:**
AFFIDAVIT PER CAROL MAHHS 9/2/15 DMB

| PROFILE/TEST (CUTOFF) | RESULTS | FOOTNOTES |
|---|---|---|
| **Screening Tests by IA** | | |
| URINE: Alcohol (0.02%) LEVEL | 0.021 | 1 |
| URINE: Meth/Amphetamines (1000 ng/ml) | negative | |
| URINE: Barbiturates (300 ng/ml) | negative | |
| URINE: Benzodiazepines (300 ng/ml) | negative | |
| URINE: Cocaine (300 ng/ml) | negative | |
| URINE: Opiates (2000 ng/ml) | negative | |
| URINE: PCP (25 ng/ml) | negative | |
| URINE: THC (50 ng/ml) | **POSITIVE | |
| URINE: Ethyl Glucuronide-ETG (500 ng/ml) | SEE BELOW | |
| URINE: Glucose | absent | |
| **Confirmation Tests** | | |
| **Alcohol by GC/FID (0.02 %)** | | |
| URINE: Alcohol | **POSITIVE | |
| URINE: Alcohol LEVEL | 0.025 | |
| **THC by LC/MS/MS (15 ng/ml)** | | |
| URINE: THC | **POSITIVE | 2 |
| URINE: THC LEVEL | 28 | |
| URINE: THC/CREAT RATIO | 0.59 | |
| **ETG/ETS by LC/MS/MS (500 ng/ml)** | | |
| URINE: Ethyl Glucuronide (ETG) | **POSITIVE | |
| URINE: Ethyl Glucuronide (ETG) LEVEL | 15314 | |
| **ETG/ETS by LC/MS/MS (100 ng/ml)** | | |
| URINE: Ethyl Sulfate (ETS) | **POSITIVE | 3 |
| URINE: Ethyl Sulfate (ETS) LEVEL | 4992 | |
| **Specimen Validity Tests** | | |
| **Specimen Validity Panel (20 mg/dl)** | | |
| URINE: Creatinine LEVEL | 47.6 | |
| **Specimen Validity Panel** | | |
| URINE: Basic Adulteration Check | normal | 4 |
| **Miscellaneous** | | |
| Affidavit and Business Records for CS | * | |

```
SC.DIR. B. TOIVOLA, PhD              Page 1 of 2                          FINAL
```

3383   HOOD COUNTY CSCD          CAP-FUDT #6913001      NORCHEM DRUG TESTING
       1202 W. PEARL ST.         CLIA   #03D0936918      1760 E. ROUTE 66  STE 1
       ATTN: SUSANNE MORTON                             P.O. BOX 70000
       GRANBURY, TX 76048                               FLAGSTAFF, AZ 86003
       817-579-1120 5403                                (800) 348-4422

## NON-CAP FUDT REPORT

| | | | |
|---|---|---|---|
| NAME: | BOONE, TREY E | COLLECTION DATE: | 05/19/2015 |
| ACCESSION: | 5K2105919 | COLLECTION TIME: | 1120 |
| COC #: | K3325263 | ORDER DATE: | 05/22/2015 |
| DOB/SEX: | /M | ORDER TIME: | 11:09:31 |
| REQUESTED BY: | AMBER BOSWELL | COMPLETION DATE: | 09/02/2015 |
| SSN: | | REPORT PRINT DATE: | 09/02/2015 |
| CASE #: | 638243816 | OTHER ID#: | |

SPECIMEN RECEIVED SEALED AND INTACT UNLESS OTHERWISE NOTED
GCMS OR LCMSMS CONFIRMATION OF A POSITIVE SCREEN IS RECOMMENDED IF LEGAL ACTION IS ANTICIPATED

**Footnotes:**
1. **POSITIVE (See the GLUCOSE test.  If glucose is present, the alcohol test may be
   invalid.)
2. The THC/CREATININE ratio should decrease by half every 2 - 10 days if there has been no
   new use.
3. ETG AND ETS INTERPRETIVE GUIDELINES:
   A) Negative for ETG and ETS means negative for alcohol consumption
   B) POSITIVE levels for ETG and ETS are consistent with alcohol consumption
   C) ETG negative or Unable to Confirm and ETS POSITIVE are consistent with alcohol
   consumption
   D) ETS negative, Not Detected and ETG POSITIVE may not indicate alcohol consumption.
4. Specimen checked for unusual color, physical characteristics and abnormal instrument
   response.

Report Released By: MPS - B.S., Certifying Scientist

*** Specimen placed in frozen storage for 12 months.

NO. CR12670

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 355th JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

## ORDER

On _Sept. 10_, 2015, came on to be considered Richard L. Hattox's Motion to Substitute Counsel, and said motion is hereby

(Granted) (Denied)

JUDGE PRESIDING

93



HOOD COUNTY COMMUNITY SUPERVISION
AND CORRECTIONS DEPARTMENT
Hood County CSCD
1202 West Pearl
Granbury, TX 76048
(817) 579-1120

FILED FOR RECORD
HOOD COUNTY, TEXAS
Shelli Berry,
Director
2015 SEP 17 P 2:39
Donna Crumble
HOOD COUNTY DISTRICT CLERK

TO:   Ralph H. Walton Jr                                          08/05/2015
      355th District Court Judge
      355th Judicial District
      Granbury, Texas 76048

FROM: Hood County CSCD

DEFENDANT: TREY ETHAN BOONE                      CAUSE: CR12670

The defendant was placed on ten years deferred supervision for the offense of Aggravated Sexual Assault of a Child on July 14, 2014. At that time, the defendant was currently being held in the Hood County Jail for a parole violation which was ultimately revoked. The defendant was ordered to serve the remainder of his parole sentenced incarcerated and was not released until November 2014.

After his release from incarceration, the defendant obtained employment and began reporting as directed and making payments toward court ordered monies. He was referred to and enrolled in sex offender treatment as part of his original conditions of supervision. In March 2015, the defendant abruptly quit his job and remained unemployed for a lengthy period of time. On May 12, 2015, the defendant admitted during sex offender group session that he had viewed pornography and drank alcohol. On May 19, 2015, the defendant was given a random urinalysis which yielded positive results from the lab for marijuana and alcohol use. Due to the defendant's recent drug and alcohol use, combined with viewing pornography, he was directed to take a polygraph examination in order to gather the extent of non-compliant behavior at he had been involved in. the examination was conducted on June 30, 2015 and the results were truthful; however, the defendant admitted to numerous violations of the conditions of supervision over an extended period of time that ranged from the time he had become unemployed until he day before the polygraph examination.

The defendant has already served a sentence in the Texas Department of Corrections on a separate offense as a result of violating that community supervision term. Now, even after given the opportunity of supervision in this case, he has continued behaviors that have ultimately placed the community at great risk for victimization. Even though he has been attending sex offender treatment weekly, he has failed to internalize and exhibit lifestyle changes necessary for successful completion of community supervision. Therefore, it is respectfully recommended that he be adjudicated guilty of the instant offense in this case and his supervision be revoked.

RECOMMENDATION:  Capias / Adjudicate / Revoke

Amber Boswell
Direct Supervisor

Cc: District Attorney

**FILED**

THE STATE OF TEXAS § IN THE DISTRICT COURT

V. § 355TH JUDICIAL DISTRICT SEP 21 2015

TREY ETHAN BOONE § HOOD COUNTY, TEXAS

Janna Trumble Hitt
Clerk District Court, Hood County, Texas

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL *

I, Judge of the trial court, certify that this criminal case:

✓ is not a plea-bargain case, and the defendant has the right of appeal.

_____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal.

_____ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal.

_____ is a plea-bargain case, and the defendant has NO right of appeal.

_____ the defendant has waived the right of appeal.

_____ involves another appealable order (specify: _____).

_____  FILED  9-21-15
JUDGE PRESIDING    SEP 21 2015    DATE SIGNED

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____
Defendant

Defendant's Address:
6516 Ashley Ct. Granbury, TX
76049

Defendant's Counsel
State Bar of TX. ID#_092 33200

Counsel's Mailing Address:
201 E. Pearl St
Granbury, TX 76048

Telephone number: 817 579 5955

Fax number: 817 579 6270

*A defendant in a criminal case has a right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal. Tex. R. App. P. 25.2 (a)(2).

Appendix D to Rules of Appellate Procedure

Rev. 04/11

NO. CR12670 - Count One

STATE OF TEXAS                    *        IN THE DISTRICT COURT

VS.                               *        HOOD COUNTY, TEXAS

TREY ETHAN BOONE                  *        355TH JUDICIAL DISTRICT

## WAIVER OF HEARING UPON THE STATE'S MOTION TO REVOKE PROBATION OR TO PROCEED TO ADJUDICATION AND PLEA OF TRUE

### TO THE HONORABLE JUDGE OF SAID COURT:

I, Trey Ethan Boone, Defendant in the above entitled and numbered cause do hereby in open court, confess to the Court the following:

_TB_ 1. That I am one and the same Defendant who was placed on community supervision in this cause on July 14, 2014.

_TB_ 2. That I have been duly served with a copy of the State's Motion to Revoke Probation or to Proceed to Adjudication in this cause, fully understand the allegations therein, and after duly considering the same, do hereby stipulate that all of the allegations contained therein are true except: None

_TB_ 3. That I am now confined in this cause in the Hood County Jail.

_____ 4. That I do waive any right to a hearing in this cause as provided in Article 42.12 of the Texas Code of Criminal Procedure, and waive the right to confront any witness the State may summon to testify in this cause.

_____ 5. That I waive any right that I have to legal counsel in this cause.

_____ 6. That I have nothing to say to the Court as to why sentence in this cause should not be pronounced.

_____ 7. That I request the Court to continue my probation in accordance with the proposed Judgment submitted with this Waiver.

_____ 8. I request the Court to adjudicate my guilt or to revoke my supervision and impose a sentence in accordance with the proposed judgment submitted with this waiver.

I would further certify to the Court that this document executed by me is done so voluntarily and of my own free will under no force of threat nor promise or persuasion. I

96

further do hereby voluntarily, willfully and expressly waive my right to appeal and understand that this judgment shall become final immediately.

_____
Defendant

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the ___21st___ day of September, 2015.

**TONNA HITT**
District Clerk
Hood County, Texas

By: _____

## ORDER

The above and foregoing waiver is received and accepted by me in open court on the above date, and the same is in all things approved.

_____
THE HONORABLE RALPH H. WALTON, JR.
District Judge
355th Judicial District
Hood County, Texas

**FILED**

SEP 2 1 2015

Tonna Trumble Hitt
Clerk District Court, Hood County, Texas



CASE NO. CR12670   COUNT ONE

INCIDENT NO./TRN: 9156764103

**FILED**

SEP 2 2 2015

| | | |
|---|---|---|
| THE STATE OF TEXAS | §<br>§<br>§ | IN THE DISTRICT COURT, *Tonna Trumble Hitt* |
| V. | §<br>§ | Clerk District Court, Hood County, Texas<br>HOOD COUNTY, TEXAS |
| TREY ETHAN BOONE | §<br>§ | 355TH JUDICIAL DISTRICT |
| STATE ID NO.: TX08364813 | § | |

## JUDGMENT ADJUDICATING GUILT

| Judge Presiding: | HON. RALPH H. WALTON, JR. | Date Judgment Entered: | 9/21/2015 |
|---|---|---|---|
| Attorney for State: | Robert T. Christian<br>David Tucker<br>Megan Chalifoux<br>Laurence Chambless | Attorney for Defendant: | RICHARD HATTOX |

| Date of Original Community Supervision Order:<br>7/14/2014 | Statute for Offense:<br>22.021 Penal Code |
|---|---|

Offense for which Defendant Convicted:

**AGGRAVATED SEXUAL ASSAULT OF A CHILD**

Date of Offense:

**1/1/2013**

| Degree:<br>1ST DEGREE FELONY | Plea to Motion to Adjudicate:<br>TRUE | Findings on Deadly Weapon:<br>N/A |
|---|---|---|

Terms of Plea Bargain:

**NONE**

| Date Sentence Imposed: **9/21/2015** | Date Sentence to Commence: **9/21/2015** |
|---|---|

| Punishment and Place of Confinement: | **FIFTY (50) YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine:<br>$ 1500.00 | Court Costs:<br>$ 703.00 | Restitution:<br>$ 74.00 | Restitution Payable to:<br>☐ VICTIM (see below)  ☒ AGENCY/AGENT (see below) |
|---|---|---|---|

☒ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **3 years.**

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

Time Credited: From **11/6/2013** to **7/14/2014**    From **8/17/2015** to **9/21/2015**    From    to

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS    NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her District Attorney.



## Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court DEFERRED further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of TEN YEARS; (4) The Court assessed a fine of $ 1500.00; (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows:

A. TREY ETHAN BOONE, Defendant, failed to abstain from the use of controlled substances and on or about May 19, 2015, tested positive for marijuana, a violation of condition number two of this Court's order.

B. TREY ETHAN BOONE, Defendant, failed to abstain from the consumption of alcohol and on or about May 19, 2015, tested positive for alcohol, a violation of condition number two of this Court's order.

C. TREY ETHAN BOONE, Defendant, failed to abstain from the use of controlled substances and on or about June 30, 2015, verbally admitted to the polygraph examiner that he smoked marijuana while on community supervision, a violation of condition number two of this Court's order.

D. TREY ETHAN BOONE, Defendant, failed to abstain from the consumption of alcohol and on or about June 30, 2015, verbally admitted to the polygraph examiner that he consumed alcohol while on community supervision, a violation of condition number two of this Court's order.

E. TREY ETHAN BOONE, Defendant, failed to avoid places where alcoholic beverages are possessed, sold or used and on or about June 30, 2015, verbally admitted to the polygraph examiner that he patronized Boozers bar in Granbury, Texas while on community supervision, a violation of condition number three of this Court's order.

F. TREY ETHAN BOONE, Defendant, failed to pay $50.00 per month for restitution and crimestoppers fees for the months of December 2014, January and February 2015, a violation of condition number twelve of this Court's order.

G. TREY ETHAN BOONE, Defendant, failed to pay $60.00 per month for supervision fees for the month of June 2015, a violation of condition number thirteen of this Court's order.

H. TREY ETHAN BOONE, Defendant, was unsuccessfully discharged from sex offender treatment on July 24, 2015, a violation of condition number eighteen of this Court's order.

I. TREY ETHAN BOONE, Defendant, failed to avoid places where children commonly gather and on or about June 30, 2015, verbally admitted to the polygraph examiner that he visited a public swimming pool while on community supervision, a violation of condition number twenty-one of this Court's order.

J. TREY ETHAN BOONE, Defendant, failed to avoid going on the premises of a sexually oriented establishment and on or about June 30, 2015, verbally admitted to the polygraph examiner that he patronized Rick's Cabaret in Fort Worth, Texas while on community supervision, a violation of condition number twenty-five of this Court's order.

K. TREY ETHAN BOONE, Defendant, failed to avoid going on the premises of a sexually oriented establishment and on or about June 30, 2015, verbally admitted to the polygraph examiner that he patronized Buck's Cabaret in Fort Worth, Texas while on community supervision, a violation of condition number twenty-five of this Court's order.

L. TREY ETHAN BOONE, Defendant, failed to avoid possessing sexually explicit material and on or about June 30, 2015, verbally admitted to the polygraph examiner to viewing pornography while on community supervision, a violation of condition number twenty-five of this Court's order.

M. TREY ETHAN BOONE, Defendant, failed to pay $5.00 per month sex offender fee for the month of June 2015, a violation of condition number twenty-six of this Court's order.



Accordingly, the Court GRANTS the State's Motion to Adjudicate the Defendant's Guilt in the above cause. FINDING the Defendant committed the offense on the date as noted above, the Court ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Hood County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of **Hood** County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Hood** County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Hood County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the **Hood** County **District Clerk.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

N/A

_____

Signed and entered on **22** day of September, 2015.

RALPH H. WALTON, JR.
JUDGE PRESIDING

**FILED**

SEP 2 2 2015

Clerk: Tonna Hitt

Tonna Trumble Hitt
Clerk District Court, Hood County, Texas



Receipt is hereby acknowledged on the date shown above of one copy of the above order.

_Hy Boone_
Defendant

Witnessed by Hood County CSCD Officer:


~~CSCD Officer~~ Deputy Clerk

Defendant's Right Thumbprint:

Defendant's signature: _Hy Boone_

Thumbprint taken by: _Morgan Krueger_

Date taken: _9-30-2015_

# NO. CR12670

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | * | **IN THE DISTRICT COURT** |
| **VS.** | * | **OF HOOD COUNTY, TEXAS** |
| **TREY ETHAN BOONE** | * | **355TH JUDICIAL DISTRICT** |

## EXHIBIT "A"
## <u>RESTITUTION LIST</u>

Defendant owes restitution in the total amount of $74.00 as set out below:

1. Name: Hood County Sheriff's Office - transportation
   Address: 400 Deputy Larry Miller Drive, Granbury, Texas 76048
   Amount: $74.00

Cause No. CR12670 - Count One

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HOOD COUNTY, TEXAS |
| | § | |
| TREY ETHAN BOONE | § | 355TH JUDICIAL DISTRICT |
| | § | |

## ATTACHMENT A
## ORDER TO WITHDRAW FUNDS

TO: INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE
COPY TO: **Trey Ethan Boone**     TDCJ #: _____     SID #: 08364813

GREETINGS:

THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees and/or fines and/or restitution in the 355TH District Court of Hood County, Texas, in the above entitled cause in accordance with the sentence imposed as reflected in the judgment to which this Order is attached. The Court finds that the offender is unable to pay the court costs, fees and/or fines and/or restitution on this date and that the funds should be withdrawn from the offender's Inmate Trust Account. Court costs, fees and/or fines and/or restitution have been incurred in the amount of $2277.00.

THE COURT ORDERS that payment be made out of the offender's Inmate Trust Account as follows:
Pay an initial amount equal to the lesser of:
(1) 15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or
(2) The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.
After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:
(1) 10% of each deposit in the offender's Inmate Trust Account; or
(2) The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.
Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

On receipt of a copy of this Judgment, the department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the Hood County District Clerk, 1200 W. Pearl Street, Granbury, Texas 76048 on the earlier of the following dates:

(1) Monthly

(2) The date the total amount to be forwarded equals the total amount which remains unpaid; or

(3) The date the offender is released.

THIS ORDER is entered and incorporated into the Judgment and Sentence of this Court and pursuant to Government Code, Section 501.014, on this 21st day of September, 2015.

Pull File
9/28/15

Honorable Judge Walton,

I, Trey Ethan Boone, wish to appeal my conviction in Cause No. CR12670.

I am indigent. I humbly ask that you please appoint me an attorney for my appeal.

Thank you for your time sir.

, Trey Boone

Stuart Neal appointed to represent defendant on appeal.

Don Haley Jr.
District Judge
10-10-15

POSTED

**FILED**

OCT 1 0 2015

Tenna Trumble Hitt
Tenna Trumble Hitt
Clerk District Court, Hood County, Texas

# THE 355TH JUDICIAL DISTRICT COURT

**RALPH H. WALTON, JR.**
**- JUDGE -**
BOARD CERTIFIED - CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

Hood County Justice Center
1200 West Pearl Street
Granbury, Texas 76048
(817) 579-3233
FAX (817) 579-3243

October 13, 2015

Mr. Stuart V. Neal
The Law Office of Pamela A. Walker, P.C.
201 E. Bridge Street
Granbury, Texas 76048
Fax 817 573 6280

     RE:    Cause No. CR12670; The State of Texas vs. Trey Ethan Boone

Dear Mr. Neal:

     Please be advised that you have been court-appointed to represent the subject inmate, Trey Ethan Boone, on appeal. Pursuant to Hood County's Indigent Defense Rules & Plan (S.B.7), you must make contact with this defendant not later than the end of the first working day after the date on which you were appointed and interview the defendant as soon as practicable. A copy of the Order Appointing Attorney is enclosed for your reference.

     By copy of this letter, I am notifying the defendant and the District Attorney's Office of this appointment.

     Should you have any questions regarding the above, please contact this office at (817) 579-3233.

     Very truly yours,

     Tricia Walters
     Assistant Court Administrator
     355th Judicial District

cc:    District Attorney- **via facsimile**
       Mike Carlisle- **via inter-office delivery**
       Trey Ethan Boone- **c/o Hood County Jail – via facsimile**

 **ORIGINAL**

FILED FOR RECORD
HOOD COUNTY, TEXAS

2015 OCT 15 PM 1:02

NO. CR12670

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 355th JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

## MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, TREY ETHAN BOONE, the Defendant in the above styled and numbered cause, and files this Motion for New Trial and Motion in Arrest of Judgment pursuant to Rules 21 and 22 of the Texas Rules of Appellate Procedure, and in support thereof would show this court the following:

1. The Defendant was sentenced on September 21, 2015. This Motion, filed within the thirty-day timetable, is therefore timely. A hearing must be commenced before the 75th day after the sentence, which is December 4, 2015, or this motion is overruled by operation of law.

2. The sentence in this cause is contrary to the law and the evidence and is excessive. See Tex. R. App. P. 21.3.

3. The trial court has the discretion to grant a new trial in the interests of justice, as the Court of Criminal Appeals has emphasized:

> For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In Mullins v. State, 37 Tex. 337, 339-340 (1872-73), the Supreme Court, which at that time had criminal jurisdiction, held:
>
> > . . . The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced,

106

careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.

State v. Gonzalez, 855 S.W.2d 692 (Tex. Crim. App. 1993).

4.    For the foregoing reasons, and for such other reasons that may arise on the hearing of this Motion, Defendant requests a new trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Court set aside the judgment of conviction entered in this cause and order a new trial on the merits.

Respectfully submitted,

The Law Office of Pamela A. Walker, P.C.
201 East Bridge
Granbury, Texas 76048
Tel: (817) 573-9980
Fax: (817) 579-6280

By:_____
**STUART V. NEAL**
State Bar No. 24041569
**PAMELA A. WALKER**
State Bar No. 24013915
**Attorneys for TREY ETHAN BOONE**

## CERTIFICATE OF PRESENTMENT

By signature above, I hereby certify that a true and correct copy of the above and foregoing has been hand-delivered to the Office for the 355th Judicial District Court of Hood County, on this day, October 15, 2015.

## CERTIFICATE OF SERVICE

This is to certify that on October 15, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Hood County, Texas, by hand delivery.

_____
STUART V. NEAL

 **ORIGINAL**

**FILED**

OCT 2 1 2015

*Jonna Trumble Hitt*
Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

<u>CAUSE NO. CR12670</u>

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **355TH JUDICIAL DISTRICT** |
| | § | |
| **TREY ETHAN BOONE** | § | **HOOD COUNTY, TEXAS** |

<u>ORDER FOR A SETTING</u>

On October 15, 2015, the Defendant filed a Motion for New Trial and Motion in Arrest of Judgment. The Court finds that the party is

_____✓_____ **ENTITLED** _____ **NOT ENTITLED**

to a hearing on this matter.

If the Court finds the Defendant is **ENTITLED** to a hearing, it is **THEREFORE ORDERED** that a hearing on this motion is set for _Nov. 10_____, 2015, at ___9:00___.__A__ m.

Signed on ___October 21___, 2015.

_____
JUDGE PRESIDING

**FILED**

OCT 2 1 2015

*Jonna Trumble Hitt*
Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

109

ORIGINAL

**FILED**

NOV 1 0 2015

Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

<u>CAUSE NO. CR12670</u>

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 355TH JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

<u>O R D E R</u>

On this, the _10_ day of ~~October~~ *Nov.*, 2015, came on to be considered Defendant, **TREY ETHAN BOONE**'s Motion for New Trial and Motion in Arrest of Judgment, and said Motion is hereby

_____ **GRANTED**      ✓ _____ **DENIED.**

Signed on this, the __10__ day of ~~October~~ *Nov.*, 2015.

_____
JUDGE PRESIDING

**FILED**

NOV 1 0 2015

Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

110

 

<u>CASE NO. CR12670</u>

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | IN THE DISTRICT COURT |
| | § | |
| **vs.** | § | **355TH JUDICIAL DISTRICT** |
| | § | |
| **TREY ETHAN BOONE** | § | **HOOD COUNTY, TEXAS** |

FILED FOR RECORD
HOOD COUNTY, TEXAS
2015 NOV 10 A 9: 33

## <u>NOTICE OF APPEAL</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes **TREY ETHAN BOONE**, Defendant in the above styled and numbered cause, and gives this written Notice of Appeal to the Court of Appeals of the State of Texas from the judgment of conviction and sentence herein rendered against **TREY ETHAN BOONE** on September 21, 2015 in the 355th Judicial District Court of Hood County. Therefore, the Defendant gives this written Notice of Appeal to the Court of Appeals of the State of Texas from the judgment and conviction herein rendered against him.

Respectfully submitted,

The Law Office of Pamela A. Walker, P.C.
201 East Bridge Street
Granbury, Texas 76048
Tel: (817) 573-9980
Fax: (817) 579-6280
Email: snealattorney@hotmail.com

By:_____
**STUART V. NEAL**
State Bar No. 24041569
**PAMELA A. WALKER**
State Bar No. 24013915
Attorneys for **TREY ETHAN BOONE**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 10, 2015, a true and correct copy of the above and foregoing document was served on District Attorney, Robert T. Christian at the Hood County DA's office, 1200 W. Pearl Street, Granbury, Texas 76048, by hand delivery.

_____
**STUART V. NEAL**

 **ORIGINAL**

FILED FOR RECORD
HOOD COUNTY, TEXAS

**IN THE DISTRICT COURT**

**STATE OF TEXAS**

2015 NOV 10 A 9: 34

§

§

**vs.**

§

**355TH JUDICIAL DISTRICT**

§

§

HOOD COUNTY DISTRICT CLERK

**TREY ETHAN BOONE**

§

**HOOD COUNTY, TEXAS**

## WRITTEN DESIGNATION SPECIFYING
## MATTERS FOR INCLUSION IN CLERK'S RECORD

**TO THE CLERK OF SAID COURT:**

Now comes **TREY ETHAN BOONE**, Defendant in the above styled and numbered cause, and pursuant to Rules 34.5(a)(12) and 34.5(b) of the Texas Rules of Appellate Procedure, designates the following matters to be included in the Clerk's Record:

1. Indictment;

2. Affidavit of Indigency;

3. Correspondence and communication between Court and counsel;

4. All motions and pleadings filed by the State or the Defendant and not otherwise required to be included under Rule 34.5(a), Texas Rules of Appellate Procedure;

5. All orders issued by Court and not otherwise required to be included under Rule 34.5(a), Texas Rules of Appellate Procedure;

6. Subpoenas;

7. Order Placing Defendant on Community Supervision;

8. Commitment;

9. State's Motion to Proceed With an Adjudication of Guilt

10. Any Reports of Violation from the Hood County Adult Community Supervision Department

11. Rulings of the Court on all Written Bills of Exception;

12. Motion for New Trial;

13. Notice of Appeal;

14. Court's File Docket Sheet;

15. Those items identified in Rule 34.5(a)(1) through (11) of the Texas Rules of Appellate Procedure, and all other matters required by the Texas Code of Criminal Procedure, or any other law.

Respectfully submitted,

The Law Office Of Pamela A. Walker, P.C.
201 East Bridge Street
Granbury, Texas 76048
Tel: (817) 573-9980
Fax: (817) 579-6280
Email: snealattorney@hotmail.com

By:_____
**STUART V. NEAL**
State Bar No. 24041569
**PAMELA A. WALKER**
State Bar No. 24013915
Attorneys for **TREY ETHAN BOONE**

## CERTIFICATE OF SERVICE

This is to certify that on November 10, 2015, a true and correct copy of the above and foregoing document was served on District Attorney, Robert T. Christian, at the Hood County District Attorney's Office, located at 1200 W. Pearl Street, Granbury, Texas 76048, by hand delivery.

_____
**STUART V. NEAL**

 **ORIGINAL**

| STATE OF TEXAS | § | **FILED FOR RECORD**<br>**HOOD COUNTY, TEXAS**<br>**IN THE DISTRICT COURT** |
|---|---|---|
| | § | 2015 NOV 10 A 9: 35 |
| vs. | § | **355TH JUDICIAL DISTRICT** |
| | § | |
| TREY ETHAN BOONE | § | **HOOD COUNTY, TEXAS** |

## REQUEST FOR PREPARATION OF REPORTER'S RECORD
## AND DESIGNATION OF MATTERS TO BE INCLUDED

**TO THE CLERK AND COURT REPORTER OF SAID COURT:**

NOW COMES **TREY ETHAN BOONE**, Defendant in the above styled and numbered cause, and requests the court reporter or reporters who made the record in this cause to prepare a reporter's record, and that the testimony included in the reporter's record be in question and answer form.

**TREY ETHAN BOONE** designates that the following matters be included in the reporter's record:

1.     Testimony of all witnesses, heard in and outside the Court's presence, including questions and objections of counsel and the ruling and remarks of the Court thereon;

2.     All matters incident to Defendant's original plea of Guilty in this case;

3.     Arguments and opening and closing statements of counsel, including objections of counsel and the ruling and remarks of the Court thereon heard during the hearing on the Motion to Proceed with an Adjudication of Guilt;

3.     All matters heard outside the presence of the jury, including pre-trial, trial and post-trial hearings, charge conferences and bench conferences, objections, rulings, and remarks of the Court thereon heard during the hearing on the Motion to Proceed with an Adjudication of Guilt;

4.     All bills of exception and testimony thereon, including objections of counsel, and the ruling and remarks of the Court thereon heard during the hearing on the Motion to Proceed with an Adjudication of Guilt;

5.     Testimony taken during sentencing proceedings, including arguments and objections of counsel, and the ruling and remarks of the Court thereon heard during the hearing on the Motion to Proceed with an Adjudication of Guilt;

6.     Testimony taken during motion for new trial proceedings, including arguments and objections of counsel, and the ruling and remarks of the Court thereon; and

7.     All exhibits offered or introduced into evidence.

**WHEREFORE, PREMISES CONSIDERED, TREY ETHAN BOONE** respectfully prays that this Court grant this request, and order preparation of the reporter's record in this case.

Respectfully submitted,

The Law Office Of Pamela A. Walker, P. C.
201 East Bridge Street
Granbury, Texas 76048
Tel: (817) 579-9955
Fax: (817) 579-6280
Email: spealattorney@hotmail.com

By: _____
STUART V. NEAL
State Bar No. 24041569
**PAMELA A. WALKER**
State Bar No. 24013915
Attorneys for **TREY ETHAN BOONE**

## CERTIFICATE OF SERVICE

This is to certify that on November 10, 2015, a true and correct copy of the above and foregoing document was served on District Attorney, Robert T. Christian, at the Hood County District Attorney's Office, located at 1200 W. Pearl Street, Granbury, Texas 76048, by hand delivery.

_____
STUART V. NEAL


**ORIGINAL**

FILED FOR RECORD
HOOD COUNTY, TEXAS

STATE OF TEXAS       §      IN THE DISTRICT COURT

                         §      2015 NOV 10  A 9: 36

vs.                   §      355TH JUDICIAL DISTRICT

                         §

TREY ETHAN BOONE     §      HOOD COUNTY, TEXAS

## MOTION FOR A FREE REPORTER'S RECORD ON APPEAL

**TO THE CLERK OF SAID COURT:**

Now comes **TREY ETHAN BOONE**, Defendant, by and through undersigned counsel, and respectfully moves that this Court order the preparation of a free reporter's record on appeal pursuant to Rule 20.2 of the Texas Rules of Appellate Procedure, and for good cause shows the following:

1.     **TREY ETHAN BOONE** pled Guilty to the offense of Aggravated Sexual Assault on July 14, 2014. Defendant was placed on deferred adjudication probation for a period of ten (10) years. The Court adjudicated Defendant Guilty of this offense and sentenced the Defendant on September 21, 2015.

2.     On or about October 15, 2015, TREY ETHAN BOONE filed a Motion for New Trial in this case. The Court set Defendant's motion for a hearing and denied the Motion for New Trial on November 10, 2015.

2.     On or about November 10, 2015, **TREY ETHAN BOONE** gave written notice of appeal from this judgment of conviction on September 21, 2015. At the same time, **TREY ETHAN BOONE** designated certain matters to be included in the reporter's record and in the clerk's record.

3.     Under Rule 20 of the Texas Rules of Appellate Procedure, "the court must order the reporter to transcribe the proceedings" if the appellant cannot pay or give security for the appellate record. Indigency "is a matter of the defendant's financial status at the time of appeal,

---

not at the time of trial." *Zanghetti v. State*, 582 S.W.2d 461 (Tex. Crim. App. 1979). The court reporter has estimated the cost of transcription to be $2,000.00.

4.    The Court has previously determined **TREY ETHAN BOONE** to be indigent and has appointed the undersigned attorney to represent Defendant in this appeal.

5.    **TREY ETHAN BOONE** is unable to pay for or give security for the reporter's record in this cause.

6.    **TREY ETHAN BOONE** requests an evidentiary hearing at which time proof of inability to pay or give security for this reporter's record can be offered.

**WHEREFORE, PREMISES CONSIDERED, TREY ETHAN BOONE** prays that this Court grant this Motion for a Free Reporter's Record on Appeal.

Respectfully submitted,

The Law Office of Pamela A. Walker, P.C.
201 East Bridge Street
Granbury, Texas 76048
Tel: (817) 573-9980
Fax: (817) 579-6280

By:_____
**STUART V. NEAL**
State Bar No. 24041569
**PAMELA A. WALKER**
State Bar No. 24013915
Attorneys for **TREY ETHAN BOONE**

## CERTIFICATE OF SERVICE

This is to certify that on November 10, 2015 a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Hood County, located at 1200 W. Pearl Street, Granbury, Texas 76048, by hand delivery.

_____
**STUART V. NEAL**

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| vs. | § | 355TH JUDICIAL DISTRICT |
| | § | |
| TREY ETHAN BOONE | § | HOOD COUNTY, TEXAS |

| STATE OF TEXAS | § | |
|---|---|---|
| | § | |
| COUNTY OF HOOD | § | |

## AFFIDAVIT

**BEFORE ME,** the undersigned authority, on this day personally appeared **STUART V. NEAL,** who after being duly sworn stated:

"I am the attorney for the defendant in the above entitled and numbered cause. I have been appointed by the Court to represent the defendant in his appeal of this cause. I have read the foregoing Motion for A Free Reporter's Record on Appeal and swear that all of the allegations of fact contained therein are true and correct."

_____
STUART V. NEAL
Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on this, the 10th day of November, 2015, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

MIKE WALKER
My Commission Expires
January 10, 2019

 **ORIGINAL**

<u>CAUSE NO. CR12670</u>

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT *Hitt* |
| | § | Tonna Trumble Hitt |
| | § | Clerk District Court, Hood County, Texas |
| vs. | § | **355TH JUDICIAL DISTRICT** |
| | § | |
| TREY ETHAN BOONE | § | **HOOD COUNTY, TEXAS** |

<u>O R D E R</u>

On this, the **10** day of November, 2015, came on to be considered Defendant, **TREY ETHAN BOONE**'s Request for Preparation of Reporter's Record and Designation of Matters to be Included, and said Request is hereby

✓ **GRANTED** _____ **DENIED.**

Signed on this, the **10** day of November, 2015.

<u>JUDGE PRESIDING</u>

**FILED**

NOV 1 0 2015

Tonna Trumble Hitt
Tonna Trumble Hitt
Clerk District Court, Hood County, Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLERK'S CERTIFICATE THAT ATTACHED RECORD

## IS TRUE AND CORRECT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THE STATE OF TEXAS**      \*

**COUNTY OF HOOD**          \*

   I, Tonna Trumble Hitt, Clerk of the District Court of Hood County, Texas, do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b).

GIVEN UNDER MY HAND AND SEAL at my office in Hood County, Texas this **16TH** day of **DECEMBER** , 2015.

Tonna Trumble Hitt
District Clerk
355th Judicial District
Hood County, Texas

By: _Morgan Krueger_
Deputy

120